DETERMINED IN THE

# SECOND DEPARTMENT

· AT ·

# GENERAL TERM,

## 𝔉𝔢𝔟𝔯𝔲𝔞𝔯𝔶, 1894.

THOMAS W. CASE, Respondent, v. THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Appellant.

*Railroad crossing — failure to have cattle guard, gate or flagman — not negligence
unless required by statute — absence of, not to be considered by the jury — penalty.*

Upon the trial of an action brought to recover damages alleged to have resulted
from injuries to a horse and wagon struck by the defendant's locomotive, the
defendant requested the court to charge the jury that it owed no duty to sta-
tion a flagman or maintain gates or a light at a highway crossing, and that
negligence could not be predicated of the omission. In reply the court stated
that he would leave that to the jury.

The plaintiff's counsel asked the court to charge the jury that it might find
negligence from the absence of a light, or gate, or flagman, or some warning.
The court substantially so charged.

*Held,* that the refusal to charge as requested, and the charge as made, were both
erroneous.

The statute which requires the construction of a cattle guard at a railroad cross-
ing declares the penalty for a failure to comply with its requirements, and
such penalty does not include damages for injuries to personal property.

APPEAL by the defendant, The New York Central and Hudson
River Railroad Company, from a judgment of the Supreme Court
in favor of the plaintiff, entered in the office of the clerk of the
county of Rockland on the 29th day of September, 1893, upon the
verdict of a jury for $165, after a trial at the Rockland County
Circuit, and also from an order entered in said clerk's office on the
11th day of October, 1893, denying the defendant's motion for a
new trial made upon the minutes.

This action was brought to recover damages alleged to have been sustained by the plaintiff while driving along a public highway with a horse and buggy, by reason of the failure of the defendant to provide gates or a flagman at a railroad crossing, and of its failure to maintain cattle guards or a light thereat. The horse which the plaintiff was driving got upon the track of the roadbed of the railroad south of the highway, and the wagon was struck by a locomotive and injured, the horse being also injured.

*Herbert E. Kinney,* for the appellant.

*A. S. Tompkins,* for the respondent.

DYKMAN, J. :

Upon the trial of this action the counsel for the defendant requested the court to charge the jury that the defendant owed no duty to station a flagman or maintain gates or a light at the highway crossing, and that negligence could not be predicated of the omission, and in reply to that request the court said : " I will leave that to the jury." The defendant excepted.

" PLAINTIFF'S COUNSEL.— I ask the court to charge the jury that they may find negligence from the absence of a light, or gate, or flagman, or some warning.

" THE COURT.— I have submitted that question as a matter of fact to the jury. If the jury say that the circumstances, the manner in which this road crossed the railroad, and the position of the railroad south of the crossing, are such that they would be liable to mislead people in the ordinary use of the highway so that they would be likely to stray upon the railroad track, then it is for the jury to say whether or not it was negligence not to have either a cattle guard there or some person to warn people to keep them from straying into this dangerous place. [Defendant excepts.] "

The refusal to charge as requested and the charge as made were both erroneous. It was thus left to the jury to determine that the company was under obligation to maintain a flagman, gate, light or cattle guard at the crossing in question, and that the failure to do so was negligence. Such a rule has been condemned in many cases. " The duty of posting flagmen, or having servants and agents, or placing gates or other obstructions, or of giving special or personal

notice to travelers at railway crossings, can only be imposed by the Legislature. Courts and juries cannot, whatever may be thought by them of the convenience or necessity of such or other like precautions, at particular crossings, hold the company to provide them under the penalty of being charged with negligence for the omission." (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451–459.)

" Whether there is negligence depends upon the degree of care required and given in each particular case, irrespective of any particular mode. Whether the care was by a flagman, by gates, or by any other equivalent mode, is of no importance. If it were established as law that the omission of any particular act, which, from the amount of travel at crossings, a jury might think required by the public safety, was negligence, a railroad company would never know when it was safe from that imputation. For, no matter how carefully it observed the requirements of the statute, or conducted itself in other respects, if it omitted any one act which the caprice, or sympathy or prejudice of the jury might think required for the public safety, the omission would constitute negligence, and subject it to all the consequences." (*Beisiegel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 9–26.)

" The defendants had no flagman at the crossing in question, and the plaintiffs claim that this was negligence in the defendants. While, on the other hand, the defendants requested the court to charge that the defendants were under no legal obligations to station a flagman or signalman at the crossing in question. This was refused, and to the refusal, and to various parts of the charge on this subject, the defendants excepted.  * * *

" I apprehend that railroad companies do not run their trains under the pressure of any such rule of law, and that the means which it is their legal duty to employ to prevent third persons from sustaining injury are not dependent upon any such broad discretion legally intrusted to a jury." (*Grippen* v. *N. Y. C. R. R. Co.*, 40 N. Y. 34–41.)

" Under such a charge the jury might find a flagman was a proper precaution, or gates, or that a man should run in front of the cars, or anything else which should commend itself to the judgment of the jury. Such has been held not to be the measure of liability of a

corporation in the situation of defendant." (*Cumming* v. *Brooklyn City Railroad Co.*, 104 N. Y. 671, 672.)

"A railroad company is not bound and owes no duty so to station a flagman, and negligence cannot be predicated of the omission. * * *

"The final charge in this case left to the jury whether the company was or was not bound to have a flagman at the crossing, and whether the defendant should have had one there, and so permitted the jury to predicate negligence upon the omission. * * * For this error we think there should be a new trial." (*Houghkirk* v. *President, etc., D. & H. C. Co.*, 92 N. Y. 219–228.)

These lengthy quotations are made because they manifest so clearly the error assigned by the defendant upon this appeal.

In relation to the cattle guards the error is equally apparent. The statute which requires their construction declares the penalty for a failure to comply with its requirements, and the damages which the plaintiff seeks in this action are not included in such consequences. (*Knight* v. *N. Y., L. E. & W. R. R. Co.*, 99 N. Y. 28.) The judgment and order denying the motion for a new trial on the minutes of the court should be reversed and a new trial granted, with costs to abide the event.

CULLEN and PRATT, JJ., concurred.

Judgment and order denying motion for new trial reversed and new trial granted, costs to abide event.