COHN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   June 16, 1896.)

1. RAILROAD COMPANIES—ACCIDENT AT CROSSING—INJURIES TO OTHER PERSONS.
    In an action for injuries received at a railway crossing, it is not competent for a witness to testify as to the occurrence of an accident to himself at the crossing eight years before, as such testimony, though tending to prove that the crossing was dangerous, would not tend to prove negligence of the railroad company, which could be predicated only of the manner in which the train was run over the crossing.

2. SAME—ABSENCE OF FLAGMAN.
    A railroad company is not chargeable with negligence in failing to maintain gates or provide flagmen at a crossing, in the absence of a statutory obligation to do so; and therefore it is error to refuse to charge, in an action for injuries at a crossing, that no negligence could be imputed to the company from the absence of a flagman or failure to maintain gates at the crossing, where the court had charged that there was no statutory obligation to maintain gates or provide flagmen.

Appeal from circuit court, Westchester county.

Action by Philip Cohn, as administrator of Millie Cohn, deceased, against the New York Central & Hudson River Railroad Company, to recover damages for the death of intestate.   From a judgment entered on a verdict in favor of plaintiff for $5,000 damages and $571.98 costs, and from an order denying a motion for new trial, defendant appeals.   Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Ira A. Place, for appellant.
William P. Fiero, for respondent.

CULLEN, J.   The plaintiff's intestate, a girl nine years old, was killed at a highway crossing upon defendant's railroad, by being struck by a locomotive.   We shall not pass upon the proposition asserted by the defendant that on the evidence it was entitled to a dismissal of the complaint, because, in the view most favorable to it, the case was certainly a close one, and the facts may be varied on another trial, which must be had, as, in our opinion, two serious errors, prejudicial to the defendant, were committed on the trial. Over the defendant's objection and exception, a witness was allowed to testify to the occurrence of an accident to himself at the crossing, which occurred some eight years prior to that to the plaintiff's intestate.   There are two classes of cases in which such evidence is admissible:   In the first, as to the condition of a place, or to the working of an appliance to show that either was dangerous; in the second, to show notice to the person who had control of the place or appliance. · It is doubtless competent to show that horses or persons frequently caught their feet at a crossing, or continually slipped on a sidewalk, to show that the crossing or sidewalk was in a dangerous condition.   But the principle upon which such evidence is admitted in that class of cases has no application to the case at bar.   In the cases taken as examples, evidence of the character stated would constitute evidence of the defendant's negligence, for it would be

negligence to maintain a crossing or sidewalk in such condition as to endanger persons passing over it. But in the case at bar, while the occurrence of many accidents at the crossing might tend to prove the danger of the crossing, it would not tend to prove the negligence of the defendant, because the defendant has the legal right to maintain its railroad at the place in question, though dangerous. Negligence could be predicated only of the manner in which the defendant ran its trains over the crossing. Of course, this was a thing that constantly varied, and evidence that the train was run carelessly on one occasion would not be evidence that it was so run on another occasion. There are two further valid objections to this testimony: First, the occurrence was too remote; second, the accident happened to the witness as he was crossing the railroad from east to west, while the plaintiff's intestate was killed in crossing from west to east. The danger in approaching the tràck from one direction was no evidence of the danger in approaching it from an opposite direction.

The court was requested to charge that no negligence could be imputed to the defendant from the absence of a flagman or a failure to maintain gates at the crossing. This request the court refused, although it did charge that there was no statutory obligation to maintain gates or provide a flagman. The charge of the court did not go far enough, and the defendant was entitled to have the legal propositions charged as requested. As left by the court on its refusal to charge, and as is to be gathered from the whole tenor of the charge, the jury were instructed that, though there was no statutory obligation in these respects, still they might find, as a matter of fact, that the defendant had been negligent in failing to provide these safeguards. The law is settled that the defendant cannot be charged with negligence in failing to maintain gates or to provide flagmen, in the absence of legal obligation to provide them. It was so declared by the learned trial justice himself in Case v. Railroad Co. (Sup.) 27 N. Y. Supp. 496. See the cases cited in that opinion.

For these errors the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.