JOHN S. DAY, PLAINTIFF IN ERROR, v. JAMES DONOHUE,
DEFENDANT IN ERROR.

Argued June 22, 1898—Decided November 14, 1898.

1. A motion to nonsuit upon the ground that the plaintiff's injury
had been caused by the negligence of a fellow-servant should not be
granted when the conclusion of fact is one about which reasonable
men might honestly differ.

2. A defendant who was testifying in his own defence, apparently, was
asked upon cross-examination if it were really in his own interest
that he was testifying, or whether he was insured against the result of
an adverse verdict. *Held*—
1. That the propriety of the question was addressed to the discretion
of the trial court.
2. That the inquiry under the circumstances was relevant to the
party's attitude as a witness.

On error to the Essex Circuit.

For the plaintiff in error, *Colie, Swayze & Titsworth.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff, who was employed as a brick-
layer by the defendant, was injured by the falling of a scaffold.
The scaffold had been built by a fellow-servant out of
material furnished by the master, and fell because of the
breaking of a piece of timber called the " put-log," upon
which the flooring rested. The gravamen of the plaintiff's
action was that reasonable care had not been used by the
master in furnishing this piece of timber. At the close of
the plaintiff's case, in addition to the facts above stated, there
was testimony to the effect that the " put-log " broke because
it was defective and unfit for the use for which it was fur-
nished ; that it had been selected by the fellow-servant from
the lumber provided for scaffolding by the master ; that it
was selected as being the best of the lumber so furnished, and

that its unfitness was not apparent to the workman. There was also testimony as to the manner in which the hodcarriers deposited the bricks upon the scaffold, and that after the accident the " put-logs " were doubled. A motion to non-suit the plaintiff was made upon the single ground that the plaintiff's injury was caused by the negligence of a fellow-servant. The plaintiff was not obliged to exclude such an inference; if the opposite inference might be drawn he was entitled to have his cause tried as a question of controverted fact. In order for the motion to prevail the negligence of the fellow-servant must have been the only reasonable inference. If there were such negligence it was either in the selection of the "put-log" or in using it single instead of doubled or in the manner in which the bricks were deposited on the platform of the scaffold.

I have not been able to see how a decision upon any of these grounds could be made without passing upon debatable questions of fact, dealing with the inferences that should be drawn from such facts, and with opinions based upon such inferences as the facts were deemed to warrant. Take, for instance, the question of the negligence of the fellow-servant who selected the "put-log" that broke. His duty was to use ordinary and reasonable care. Upon his cross-examination the following circumstances were brought out in addition to his testimony in chief:

"*Q.* Now, do I understand you that you selected the wood out of the lot that was there, the wood that was to be used for scaffolds, and some you took and some you didn't take?

"*A.* Yes; the foreman told me to pick the best of it out, and the other I jumped onto and broke into two, and it was rotten.

"*Q.* You selected the best pieces there?

"*A.* Yes; I used the best I could get, and the bad ones I jumped on and broke—six or seven of them."

Here was surely some evidence of some care. To examine the material, notwithstanding it had been furnished by the master, showed some care; to test it; to reject some and to

select that which seemed to be the best, all involved degrees of care in an ascending ratio. There is no judicial standard by which the court could have said that no inference of ordinary care could be reasonably drawn from this testimony, and upon motions to nonsuit inferences in disparagement of a plaintiff's case are not permissible.

Passing to the other grounds, the court could not decide that ordinary care required that the put-logs should be doubled, or that the manner in which the bricks were deposited upon the platform intended for their reception was a negligent performance of the hodcarriers' duty that caused the falling of the scaffold.

These questions, one and all, are, under our system of trials, to be submitted to the jury whenever the testimony is fairly susceptible of an inference consistent with the plaintiff's contention. *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Vroom* 531; *Bonnell* v. *Delaware, Lackawanna and Western Railroad Co.,* 10 *Id.* 189; *Baldwin* v. *Shannon,* 14 *Id.* 596; *Bahr* v. *Lombard, Ayres & Co.,* 24 *Id.* 233; *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342; *Newark Passenger Railway Co.* v. *Block, Id.* 605; *Bittle* v. *Camden and Atlantic Railroad Co., Id.* 615; *Consolidated Traction Co.* v. *Reeves,* 29 *Id.* 573; *Furniture Co.* v. *Board of Education, Id.* 646; *Consolidated Traction Co.* v. *Scott, Id.* 682; *Comben* v. *Belleville Stone Co.,* 30 *Id.* 226.

In the case last cited the opinion of this court in abstract is: "When at the close of. the case of the plaintiff there exists upon the evidence a substantial dispute whether the injury arose from the negligence of a fellow-servant or not, a motion to nonsuit on this ground cannot prevail." A dispute is substantial whenever the conclusion of fact to be drawn from the testimony is one about which reasonable men might honestly differ.

I find no error in the court's refusal to withdraw the case from the jury either upon the motion to nonsuit or upon the motion to direct a verdict made at the close of the case.

It has been further argued under another assignment of

error that this judgment should be reversed because the plaintiff was permitted to ask the defendant, upon cross-examination, whether he was insured against loss, in case the verdict went against him. It is not necessary to maintain the broad proposition that a plaintiff who sues for personal injuries has an unqualified right to show that the defendant is insured against losses of that sort. The question here is the much narrower one—whether a party who is testifying in his own defence, apparently, may not be asked whether it is really in his own defence that he is testifying—in other words, whether if the truth were known about his relation to the suit as a party, it might not place his testimony as a witness in a different light. Questions of this sort, arising upon cross-examination, are as a class addressed to the discretion of the trial court. *Noyes* v. *State*, 12 *Vroom* 418. A discretion to be exercised in view of the nature of the case, the course of the trial, and of the witness' own previous testimony in chief. Palpable abuse of such discretion is not beyond remedy ; but difference in judicial opinion is not synonymous with abuse of judicial discretion.

In the present instance this discretion was, as it seems to me, soundly exercised, whether the question to the defendant were put for the purpose of eliciting affirmative evidence or with the object of laying the foundation for the subsequent impeachment of the witness. In either case the ultimate inquiry is, was the fact that the defendant would not have to bear the loss of the verdict relevant to his attitude as a witness testifying apparently in his own interest? I think that clearly it was relevant. The witness was the master who was being sued for negligence in furnishing material for a scaffold. The trend of his testimony in chief was that he knew his duty and responsibility, and personally exercised a degree of care commensurate with such sense of duty—in fine, that he was careful as a man would be upon whom would fall the penalty of carelessness. If true, this added probability and weight to his statements. A like inference would, however, not be so strong, perhaps would not be admissible

at all, if by reason of an insurance he had provided for indemnity from the results of his own lack of care. At all events the cross-examination permitted upon this point was not an abuse of the discretion reposed in the trial court for which the judgment should be reversed.

The judgment of the Circuit Court is affirmed.

VAN SYCKEL J. (dissenting). I am unable to agree with the majority of the court that it was not legal error to admit evidence in the trial court to show that the defendant below was insured against loss by reason of injury to the plaintiff while engaged in his employment.

The defendant, on cross-examination, was required to state the fact that he was so insured, and the name of the company which issued the policy. The testimony was objected to by the defendant's counsel, and exception taken and sealed.

Was this testimony pertinent or relevant?

It did not tend to establish any fact which the plaintiff below was bound to prove, nor did it discredit the evidence of the defendant, or impair the value of his testimony. It cannot be justified on the ground that it was evidence produced to show that the defendant was interested in the result of the trial, because it did not show, but on the contrary disproved such interest.

The true relation of a party or witness to a cause is a proper subject of inquiry, so far as the circumstances attending that relation have any probative force in respect to the issue tried.

In this case the evidence could not legitimately be accorded any such effect; it was wholly irrelevant, and therefore inadmissible. If it was harmful to the defence, it was error in law to admit it.

After the evidence was presented, the plaintiff's counsel had a right to comment upon it before the jury, and it may fairly be presumed that he did so. No inference adverse to the defendant's case could legally have been drawn from such evidence, yet I cannot doubt that after the testimony was re-

ceived under objection, the jury would be inclined to think that the defendant did not exercise the care he would have observed if he had not been indemnified against loss by reason of negligence.

In that respect the testimony was prejudicial to him.

This was the view taken in the case of *Wildrick* v. *Moore,* in the Supreme Court of New York, General Term, reported in 22 *N. Y. Sup.* 1119.

I am therefore of the opinion that the judgment below should be reversed.

Justice Depue concurs in this opinion.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH. 11.

*For reversal*—DEPUE, VAN SYCKEL. 2.