SAMUEL KALKER, PLAINTIFF, AND DEFENDANT IN ERROR, v. ISRAEL C. HEDDEN, DEFENDANT, AND PLAINTIFF IN ERROR.

Argued March 9th, 1905—Decided June 19th, 1905.

1. When, under the proof, it is reasonably inferable that the accident happened by the catching of the edge of a belt under a defective key used to fasten a pulley wheel to a revolving shaft, used for the transmission of power in the operation of machinery, the question whether it did so happen is for the jury.

2. Whether a defective "key" is one of the ordinary or obvious risks of the employment assumed by the employe is, when reasonable minds may differ, also a question for the jury.

3. A master is chargeable with the duty of taking reasonable care to furnish a reasonably safe place for his servant to work, and, when reasonable minds may differ as to whether he has exercised such care, it is a question for the jury.

On error to the Essex Circuit.

For the plaintiff in error, *Edward P. Johnson.*

For the defendant in error, *Elvin W. Crane* and *Francis Child.*

The opinion of the court was delivered by

FORT, J. The defendant is a hat manufacturer.

The plaintiff was an employe of the defendant.

The plaintiff worked at one of the sizing machines in the sizing-room of the defendant's factory. The machine nearest to the machine at which the plaintiff worked was what is known as a "second" sizing machine. This machine was large and heavy, and was fastened in place by a number of five-inch screws. This machine was the only machine, of the large number in the sizing-room, taking power directly from the main shaft.

On December 20th, 1901, about half-past seven in the morning, the plaintiff was standing by the machine at which he worked, which was distant about four feet from the "second" sizing machine, when suddenly it was lifted up and cast over against him, and he was injured. It is for this injury this suit is brought.

It is the duty of the master to take reasonable care to furnish a reasonably safe place for his servant to work. The duty cast by law upon the master to take reasonable care to furnish a reasonably safe place for the servant to work in and reasonably safe appliances for him to work with (when the master furnishes the appliances), is one which the master cannot delegate and escape liability through such delegation. *Smith* v. *Erie Railroad Co.,* 38 *Vroom* 636.

Nor can it be said that it is obvious that a machine weighing two thousand pounds or more, and screwed to the floor with five-inch screws, would be torn from its fastenings and lifted up and thrown a distance of four feet against a person working at an adjoining machine. This, surely, was a con-

dition which the plaintiff was not required to anticipate, and which he had the right to presume would not occur.

If the mere occurrence of such an accident does not call for the application of the rule *res ipsa loquitur,* it certainly cannot be said not to present a condition where the rule *reus ipse dicat* should be applied. *Bien* v. *Unger,* 35 *Vroom* 596.

The motion to nonsuit was rightly denied.

When the case was closed the evidence showed that the accident might reasonably be inferred to have been caused by the catching of a belt, used in operating the "second" sizing machine, under a "key" driven in the head of a pulley wheel used in the operation of that machine.

There was proof from which the jury could find that the "key" in the pulley head was either originally negligently placed or had become defective since that time. Proper construction required that the "key" be driven into the groove in the shaft and pulley head until it was flush with the outer edge of the pulley head. The proof was that this "key" projected from the pulley head a short space and that this projection was elevated above the surface of the shaft so that the edge of a belt might slip under it and be held, thus causing it to wind around the shaft instead of the shaft revolving within the belt, as it rested loosely upon it. The "second" sizing machine was not in use when the accident happened to the plaintiff. Two pulley wheels, one large and one small, were provided for the belt used upon this machine to run upon. They were known as tight and loose pulleys. When the machine was in operation the belt was upon the tight pulley (which was the large one), and when not in use it was upon the loose pulley, or rested upon the shaft next to the loose pulley and next to the place where it now appears the defective "key" existed.

The accident in this case was caused by the belt winding around the shaft when in motion, and thus drawing the "second" sizing machine, by force of the power, from its fastenings and lifting it over against the plaintiff. Any con-

dition which would cause the belt to wind around the shaft might produce this result. If the "key" in the pulley head was defective, and the edge of the belt caught under it and held it, and it was wound around the shaft because of this, and this condition of the "key" was due to the defendant's lack of reasonable care in its construction or inspection, all of which facts the jury seem to have found against the defendant, the defendant would be liable.

It was suggested that the condition of this "key" was an obvious one to the plaintiff. We do not see how this could possibly be, but as the trial judge told the jury that "the plaintiff assumed the ordinary and obvious risks of the employment," we must presume, on error, that the jury found that the cause of the accident was not one of the obvious risks assumed.

Our examination of the proof agrees with that view.

The refusal to direct a verdict for the defendant was not error.

The case was one for the jury. On the trial the defendant was called as a witness in his own behalf, and, on cross-examination, was asked: "Are you testifying in your own interest or are you insured against the result of an adverse verdict in this case?"

The trial judge admitted the question and exception was sealed. The trial judge, in admitting the question, stated that it was the question, asked under the same conditions, in the case of *Day* v. *Donahue*, 33 *Vroom* 380, where this court held its admissibility was within the discretion of the trial court. There was no error in this.

There are a large number of other assignments of error, all of which have been considered and found to be without substance.

The judgment of the Essex Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.