RISTAU v. E. FRANK COE CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE.

In an action for injury to a servant, a prima facie case for plaintiff was made on proof that a trestle which had been used only three years, and on which he was employed in pushing cars along a track, collapsed, causing his injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 955.]

Appeal from Trial Term, Kings County.

Action by Edward Ristau against the E. Frank Coe Company. Judgment for defendant, entered on a nonsuit, and plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Wallace R. Foster, for appellant.
William A. Jones, Jr. (Henry M. Earle and Alden S. Crane, on the brief), for respondent.

GAYNOR, J. The plaintiff proved the collapse of the trestle and rested, relying on the maxim "The thing speaks for itself." No particular defect to cause the collapse of the trestle was apparent, and the plaintiff did not try to prove any. There was nothing but the bare fact that the trestle collapsed while in the ordinary use for which it was constructed, and that it had been built only three years. The nonsuit was error. The maxim included the case. The learned counsel for respondent argues, following the broad language of some opinions, that the maxim is made applicable in a given case, if at all, only by facts and circumstances indicating negligence in the defendant proved in connection with the happening of the accident itself, and that as this case is bare of such facts and circumstances, there is not sufficient evidence for the application of the maxim. The fault of this is that if there were other facts showing negligence, the maxim would not be needed as evidence to carry the case to the jury at all; it is only where there is nothing but the bare happening of the accident

that the plaintiff needs and the law gives him the help of the maxim to escape a nonsuit.

This case is not distinguishable from the fall of scaffolds, floors, or other places to work. Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662; Lentino v. Port Henry Co., 71 App. Div. 466, 75 N. Y. Supp. 755; Muhlens v. Obermeyer, 83 App. Div. 88, 82 N. Y. Supp. 527. There are cases in which it is apparent that the accident may have happened by some omission or commission by some one other than the defendant. In such a case the mere happening of the accident does not prove the cause of it, but leaves it open to conjecture. In such cases the maxim cannot apply. It applies only where the accident apparently could not have happened unless through some negligence of the defendant. Fallon v. Merz, 110 App. Div. 755, 97 N. Y. Supp. 417.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.