FRANCIS M. SUTTON, DEFENDANT IN ERROR, v. CHARLES
W. BELL, PLAINTIFF IN ERROR.

Argued March 3, 1910—Decided June 20, 1910.

1. In actions for negligence the defendant's insurance against loss
   is not a proper matter for the consideration of the jury upon the
   question of his negligence.
2. Where the existence of negligence depends upon the conclusion
   to be reached from a variety of circumstances considered in their
   relation to and their reaction upon each other, the jury and not
   the court is normally the tribunal to draw such conclusion.

On error to the Supreme Court.

For the plaintiff in error, *George Whitefield Betts, Jr.*

For the defendant in error, *Durand, Ivins & Carton.*

The opinion of the court was delivered by

GARRISON, J. This was an action for damages for injury
done to the plaintiff's automobile by an automobile driven by
the defendant. The plaintiff's car was running north along
South street, in the town of Freehold, followed by the defend-
ant's car, which was some fifty feet behind it. The speed of
the two cars was about the same—twelve or fifteen miles an
hour. On reaching McLean street, which runs out of the west
side of South street at an angle not quite as sharp as a right
angle, the plaintiff's car which had been running on the right-
hand side of South street was turned to the left to enter Mc-
Lean street, and while in the act of leaving South street, was
struck by the defendant's car, which had been running on the
left-hand side of South street and was still continuing its
course. Neither the plaintiff nor his chauffeur looked back
before turning into McLean street, and there was no proof
that they knew that a car was following them along South
street. No indication of a purpose to turn into McLean
street was given by the occupants of the plaintiff's car. The

defendant who had given no signal to indicate his proximity to the plaintiff's car was not attempting to pass it on South street, but, when surprised by its turning into McLean street, applied his emergency brake and unsuccessfully attempted to avoid running into the plaintiff's car as it crossed the left side of South street in front of him.

There was testimony as to the customary warnings and proper management of cars under such circumstances.

Verdict and judgment having been rendered for the plaintiff, the defendant, now the plaintiff in error, contends that the case should have been taken from the jury either upon the ground that the defendant was not negligent or upon the contributory negligence of the plaintiff. The trial court rightly refused these motions. The existence of negligence, whether of the plaintiff or of the defendant, depended upon the conclusion to be reached from a variety of circumstances considered not as isolated occurrences but altogether and in view of their relation to and reaction upon each other. To draw a conclusion as to the conduct of the parties under circumstances thus connected, is of the very essence of the jury function. In proportion as such circumstances multiply and intercalate, it becomes more and more a matter of deciding between conflicting inferences, and less and less a matter of declaring that one inference alone is conclusively compelled by the testimony. The latter, viz., to decide that there exists no recognizable controversy upon the testimony, is the function of the court; but to recognize the existence of such a controversy, and to proceed to decide it, is to usurp the function of the jury, which, in the present case, the court very properly refused to do.

Finding that there was no error in the denial of the defendant's motions, there remains for consideration the correctness of the court's charge touching the force to be given by the jury to the fact that the defendant was insured against accidents or against loss.

This testimony got into the case in several ways. While under cross-examination, the plaintiff, against the objection of defendant's counsel, was permitted to testify that he asked

the defendant if he was insured, and that the defendant answered that he was, and thought "they could fix this up together somehow;" later and against a similar objection a letter was put in evidence which stated that a letter of the plaintiff's had been referred by the defendant to the Columbia Insurance Company of New York for its action thereon.

The defendant himself, when called as a witness in his own behalf, testified that he had told plaintiff that he was insured.

Touching this testimony, the court instructed the jury as follows:

"The only bearing the fact of insurance has upon the case is to enable you to determine whether or not the fact that Mr. Bell was insured against loss, if he was insured against loss, made him careless or reckless; whether or not a man having insurance against loss will be as careful as he would be if he had no insurance. That is the only bearing that has upon the case."

It requires no special insight to perceive that this instruction involves the proposition that a man who has been rendered careless by reason of his being insured against loss, may be more likely to be careless in a given case than if such state of carelessness had not been engendered in him. The cause that engendered such carelessness being, in a legal sense, immaterial, may be omitted from the proposition which then is, simply, that a careless man may in a given case be more likely to be careless than one who is normally prudent. This proposition, as a judicial instruction, has two corollaries —*first,* the right of a plaintiff to show that the defendant, whom he charges with negligence, was a careless man, and *second,* that because of this fact his lack of care in the given case may be found by the jury upon testimony that might not satisfy them of his negligence if the normal presumption had to be overcome by proof. No one, I fancy, contends that a specific act of negligence may be thus proved or that the legal proof of negligence can be, in anywise, abated by evidence that the defendant was a careless man or of a careless

disposition, any more than the commission of a specific crime could be proved by showing the criminal disposition of the accused. If this be so, in regard to defendant's carelessness of disposition generally, it is equally so in regard to a like disposition engendered in him by a specific cause, whatever it may be, whether it be the fact that he is insured against his own carelessness or what not. Logically, there is no difference, and, from the legal standpoint, such evidence is reprobated and excluded upon precisely the same ground. The ground of such exclusion is not that such evidential matter is lacking in relevancy or devoid of probative force logically considered, but that, assuming it to be possessed of these qualities, it has been judicially determined that the introduction of such facts and inquiries tends in actual operation to produce a confusion of issues in the mind of the jury and an unfair prejudice against one of the parties in excess of; and, indeed, in the place of, the legitimate probative effect of such evidence; in fine, that the true issue before the jury is thereby obscured rather than illuminated. It is not therefore a rule of relevance based upon considerations of logic, but a juridical rule based upon experience. It is the same rule that excludes proof of the criminal disposition of one accused of crime. Logically, the bad character of the accused is as relevant as his good character, yet the latter may be shown by the accused in his defence, although the former may not be shown by the state to prove his guilt simply because of the rule enunciated. Upon this ground, therefore, we conclude that in actions for negligence the defendant's insurance against loss is not a proper matter for the consideration of the jury upon the question of his negligence, and hence that the instruction to the jury in the present case was erroneous.

While the result thus reached is in harmony with the consensus of decided cases elsewhere, we cannot cite them as pertinent authority for our present decision, for the reason that the grounds on which they rest, while not disapproved by us, are not adopted as our own and add nothing to the ground upon which we prefer to place our decision.

The question now decided was not adverted to in the case of *Day* v. *Donohue,* 33 *Vroom* 380, for the reason that in that case the single matter considered was the discretionary power of the trial court in matters of cross-examination. The exception then before the court showed that the defendant, who had testified in chief that "he had been as careful as a man would be upon whom would fall the penalty of his carelessness," was asked, on cross-examination, whether he was not insured against loss in case the verdict went against him, *i. e.,* whether this was the penalty he had spoken of as the test of his conduct. The trial court considering that this question was responsive to the testimony in chief so ruled. Upon error it was held that the juncture presented to the trial judge was one that called for the exercise of his judicial discretion which was not a ground for reversal unless abused. The case had no special application to the matter of insurance and decided nothing as to the admissibility of such matter upon the merits or for the purpose of discrediting the witness or affecting his credibility. Indeed, speaking for myself, it is incomprehensible how a witness can be said to be discredited by showing that instead of his being an interested party who must pay the damages he is in reality an impartial witness having no financial interest in the result. In the case of *Kalker* v. *Hedden,* 43 *Id.* 239, we went no further, since the ruling sustained in that case was expressly stated to be upon the same question "asked under the same conditions" as in Day *v.* Donohue. We have never decided that a defendant by way of ordinary cross-examination can be asked about his insurance against accidents or loss.

In the case in hand the errors assigned upon the court's rulings as to the admission of plaintiff's testimony are covered by what has been said, unless the error was rendered harmless by the subsequent testimony of the defendant, a matter we need not take time to clear up, in view of the conclusion already reached.

The judgment of the Supreme Court is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ.   15.