MARY WYNNE, as Administratrix, etc., of MICHAEL WYNNE, Deceased, Respondent, *v.* LITCHFIELD CONSTRUCTION COMPANY, Appellant.

First Department, November 8, 1918.

**Negligence — defect in city street — evidence of other accidents — subsequent repairs.**

Where in an action for damages for the death of the plaintiff's testator, caused by being jounced from a coal cart which he was driving, due to one of the wheels slipping into a large hole in the plank decking over a

city street which was being excavated for a subway, a witness, on being asked if he had ever seen any accident at the place in question, instead of answering in the affirmative, replied " Several," it was prejudicial error to refuse to strike out the answer.

It was also error to receive subsequent testimony by the same witness that on the morning of the accident he saw a milk can fall from a wagon as it passed over the place where the hole was located.

APPEAL by the defendant, Litchfield Construction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of December, 1917, upon the verdict of a jury for $8,580, and also from an order entered in said clerk's office on or about the 5th day of January, 1918, denying defendant's motion for a new trial made upon the minutes.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the appellant.

*Keron F. Dwyer,* for the respondent.

SHEARN, J.:

Plaintiff's intestate was killed by being jounced from a coal cart which he was driving, due to one of the wheels slipping into a large hole which, as the jury found, was negligently permitted by the defendant to exist in a plank decking over one of the city streets which was excavated in connection with subway construction. After showing the conditions complained of, a witness for the plaintiff was asked: " Q. Did you ever see any accident at this point before this one? " Instead of answering in the affirmative, the witness volunteered the answer: " Several." The defendant's motion to strike this answer out was denied and defendant duly excepted. The witness subsequently testified that on the same morning that the plaintiff's intestate was killed he saw a milk can fall from a wagon as the wagon passed over the place where the hole was located. This was the only other " accident " as to which any testimony of the witness was retained in the record, a fact which tends to show the prejudicial nature of the error committed in refusing to strike out the testimony of the witness that he had seen " several " accidents at this point. Furthermore, the evidence concerning the falling of the milk

can upon the same morning as the accident to plaintiff's intestate should not have been received at all. No sufficient time elapsed between the falling of the milk can and the accident to plaintiff's intestate to constitute due notice to the defendant of the existence of the hole. As the evidence did not show notice, its only other purpose must have been to prove that the condition complained of was dangerous. The mere fact that a milk can fell from the wagon while it was being driven over an uneven pavement was no competent proof that the condition was one dangerous to life and limb. The defendant moved to strike the testimony out and the denial of its motion was error, and clearly prejudicial. In view of the large amount of the verdict, the unduly severe criticism of defendant's counsel during the trial, and the very doubtful propriety, even under the peculiar circumstances shown, of allowing evidence that subsequent to the accident the defendant had " patched up that hole," we are of opinion that the errors pointed out cannot be disregarded and that in the interest of justice a new trial must be had.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.