JOSEPH DE PASQUALE and MARY DE PASQUALE, Claimants, *v.*
THE STATE OF NEW YORK, Defendant.
Claim No. 18569.

Court of Claims, ——————— —, 1928.

*Ward, Flynn, Spring & Tillou* [*Genevieve Goergen* of counsel], for the claimants.

*Albert Ottinger, Attorney-General* [*John H. Clogston, Deputy Assistant Attorney-General,* of counsel], for the defendant.

GIBSON, J. At about eight-thirty A. M. on September 6, 1927, the claimants were riding in an automobile owned and driven by the claimant Joseph De Pasquale. They were driving northerly toward Buffalo upon a highway maintained by the State. Cattaraugus creek divides the counties of Chautauqua and Erie and is spanned by a bridge two hundred and seventy feet in length on State highways numbered 5452 and 5600. The Erie county end of the bridge is in an Indian reservation. The approach to the bridge upon the southerly side is on an incline. The claimants drove up this incline at about a speed of ten miles an hour and upon the bridge. About eight or ten feet from the south end of the bridge the front wheel of the car went into a hole, jumped out and the rear wheel sank in the hole and the car stopped. The automobile was damaged and Mary De Pasquale was injured about the head. The paved portion of the bridge was apparently constructed of reinforced concrete. The size of the hole is indicated by the fact that a flour barrel placed in it as a warning sign after the accident went about half its length into the hole. The concrete had broken away from the netting and the netting was broken and hanging. The driver of the car said he did not see the hole and in any event he could not have seen it until his car was within a very few feet of it. The hole in the bridge was there at six o'clock on the morning of the accident but was not there the night before.

The bridge at Irving was in part within an Indian reservation, the boundary line of the reservation being the center of Cattaraugus creek. The Highway Department constructed and maintained the entire bridge. While the accident occurred upon the end of the bridge without the reservation the State legally had a several as well as a joint duty as far as the public were concerned to keep the bridge in repair and hence must respond if it is negligently maintained. (*Clapp* v. *Town of Ellington,* 87 Hun, 542; affd., 154 N. Y. 781; *Hawxhurst* v. *Mayor,* 43 Hun, 588.)

By chapter 333 of the Laws of 1925 section 157 of the Highway Law was amended to provide that " All bridges located on highways within the bounds of an Indian reservation shall be deemed a part of the highway and be constructed and maintained under the direct supervision and control of the commissioner." Thereby the bridge became a part of the State highway system and the State by section 176 of the Highway Law has waived its immunity from liability for damages suffered by any person from defects in State and county highways. The accident occurred between May first and November fifteenth and upon a highway maintained by the State.

The fault in the bridge creates at once the presumption that the claimants' injuries were due to the negligence of the State either by reason of a structural defect or failure to properly inspect and maintain the bridge. The bridge was under the control and management of the defendant; the happening is one that in the ordinary course of events does not occur if due care has been exercised; and there is entire absence of explanation by the defendant tending to show that the injury was not due to want of care. (*Green* v. *Banta*, 16 J. & S. 156; affd., 97 N. Y. 627; *Ristau* v. *Coe Company*, 120 App. Div. 478; affd., 193 N. Y. 630; *Slater* v. *Barnes*, 241 id. 284; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 297.)

The defendant relies for its defense solely upon the fact that the State had no notice of the defect, either actual or constructive. Had the bridge collapsed while in ordinary use without any explanation of the accident consistent with freedom from negligence certainly a presumption that the State was negligent would arise. I see no distinction except in degree between the entire bridge falling and a part of its roadway dropping away.

The claimants should be compensated for the property damage and for personal injuries.

POTTER, J., concurs.