MAUDE COUTTS, as Administratrix, etc., of CHARLES COUTTS, Deceased, Respondent, *v.* THOMAS J. CHRISTOPHER, Doing Business under the Firm Name and Style of BUFFALO CRANE SERVICE, Appellant.

Fourth Department, June 30, 1931.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the appellant.

*Dana L. Spring*, for the respondent.

SEARS, P. J. The plaintiff's intestate, Charles Coutts, on the 22d day of January, 1930, while employed in the performance of work involved in the construction of a school building by his employer, Raymond J. Williams, received injuries resulting in his death. At the time of the accident some pieces of structural steel weighing about two tons were being moved under the direction of the plaintiff's intestate by means of a crane operated by Edward Stanton. The steel boom of the crane supporting the structural steel pieces which were being moved, buckled above the head of Coutts, thus letting the load fall upon him. His death followed three days later. The boom of the crane was about forty-five feet long and constructed of steel angles bolted together with steel lacing. The crane and its appurtenances, including the boom, were the property of the defendant who made a business of renting such appliances to contractors. The plaintiff has recovered a large judgment based upon the defendant's negligence.

The complaint confines the allegations of defendant's negligence to the furnishing of an improper and defective appliance. It is affirmatively alleged in the complaint that at the time the accident occurred, the intestate's employer, Williams, was " operating and using an electric and power crane " and that " such use and operation were under and by virtue of an agreement and contract of lease " between Williams and the defendant. The answer specifically admits that at the time of the accident the " crane owned by the defendant [was] being operated by the said R. J. Williams."

To establish the alleged negligence of the defendant in accordance with the allegations of the complaint, plaintiff introduced evidence as to the happening of the accident through the buckling of the boom. Proof was produced showing or tending to show that the crane was being operated in an ordinary and careful manner. With other causes of accident eliminated, the plaintiff contended that the fall of the boom was itself proof of its defective character. In addition to this, there was proof of certain defects in the boom itself, although the actual connection of these defects with the buckling of the boom was not clearly established. It was the contention of the defendant on the other hand that the boom was an altogether safe tool; that it had been inspected recently, and found in proper condition for use. The defendant sought

to attribute the accident to negligent operation by the crane operator, in suddenly stopping the boom while it was swinging and so imparting to it a twist causing it to buckle. Despite the fact that the pleadings confined the negligence to the defectiveness of the boom, evidence was received over the objection of the defendant, tending to prove that the crane operator was, at the time of the accident, in the employ of the defendant rather than in the employ of Williams as alleged in the complaint.

On the question of the negligence of the defendant in furnishing a defective boom, we have reached the conclusion that a question of fact was presented and that there was sufficient in the evidence to warrant a jury in finding negligence on the defendant's part in this respect. (*Ristau* v. *Coe Company*, 120 App. Div. 478; affd., 193 N. Y. 630; *Griffen* v. *Manice*, 166 id. 188.) The court, however, went beyond this in the charge to the jury and submitted the questions whether the crane operator, Stanton, was in the employ of the defendant or was in the employ of Williams, and whether the accident was due to negligent operation by him, and instructed the jury that a judgment against the defendant could be predicated on the negligence of the crane operator, if it was found that he was in the employ of the defendant. This was in direct conflict with the allegations of the complaint as already stated. The trial justice recognized this, for, in response to a request by defendant's counsel, he charged the jury " that under the pleadings in this action no finding of negligence against the defendant can be based upon any negligent act of Stanton," but followed this immediately by declining to charge " that in no event can they [the jurors] base any finding of negligence against Christopher because of any negligent act on the part of Stanton, by whomsoever they [the jurors] find he was employed." The upshot of all the instructions, in our opinion, was to leave the question of Christopher's responsibility for the conduct of the crane operator to the jury as a basis for recovery. The submission of this question to the jury constitutes reversible error. (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220; *Beer* v. *Clyde Steamship Co.*, 212 App. Div. 463.)

Two other matters occurring in the course of the trial call for comment. The plaintiff's counsel was permitted to interrogate the defendant upon cross-examination as to other accidents in which cranes of his had been involved without confining the questions to the appliance involved in this case. Such matters were irrelevant and the evidence produced damaging. At most other accidents would show a tendency to carelessness on the part of the defendant and general carelessness is not admissible in proof of specific negligence. (*Mailler* v. *Express Propeller Line*, 61 N. Y. 312; *Dye* v.

*D., L. & W. R. R. Co.*, 130 id. 671.) The defendant urges that error was committed in excluding questions addressed to Williams, the employer of plaintiff's intestate, to show that if the plaintiff did not recover of the defendant, compensation under the Workmen's Compensation Law could be obtained by the plaintiff and those dependent upon the deceased. The defendant urges that this matter was competent as bearing upon the interest and credibility of Williams. We are not passing here upon a case where the employer was his own carrier of compensation insurance. It appears that Williams carried insurance, had paid the premiums and his rate for the subsequent year had already been adjusted. It appears that Williams would not have been financially affected in any respect by a recovery in favor of the plaintiff. Under such circumstances, the fact of workmen's compensation rights did not affect the credibility of Williams. The general policy in this matter has been stated in *Regan* v. *Frontier Elevator & Mill Co.* (211 App. Div. 164).

The judgment appealed from should be reversed on the law for the foregoing reasons, and a new trial ordered, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.