**PLOUGH v. BALTIMORE & O. R. CO.**
**and 3 other cases.**
**Nos. 11-14, Docket 20591-20594.**

Circuit Court of Appeals, Second Circuit.
Nov. 5, 1947.

SWAN, Circuit Judge, dissenting.

James O. Moore, of Buffalo, N.Y., for plaintiff-appellant, Henry Plough.

William J. Brock, of Buffalo, N.Y., for plaintiffs-appellants, Marjorie A. Hanson, as Adm'x., etc., Elmer Van Slyke and Caroline Lynch, as Adm'x., etc.

Strang, Bodine, Wright & Combs, of Rochester, N.Y., for defendant-respondent.

Before L. HAND, SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These appeals are by the plaintiffs from four judgments for the defendant in that

number of actions brought to recover damages sustained in a railroad crossing accident. They were consolidated for trial and tried by jury in the District Court for the Western District of New York. They were argued together in this court and one opinion will serve to dispose of them. Diversity is the basis of federal jurisdiction.

The accident occurred at about 10 o'clock on the morning of a clear day in January, 1944, when a truck belonging to the Iroquis Gas Corporation and driven by plaintiff Plough, its employee, was attempting to pass over the defendant's track which crossed the highway at grade at a place known as Murphy's Crossing in West Valley, New York. Three other employees of the Gas Corporation, Hanson, Van Slyke, and Lynch, were riding in the truck with Plough, Lynch being in the driver's cab with Plough and the others in an enclosed compartment at the rear of the truck. In the accident Hanson and Lynch were killed and Plough and Van Slyke were injured. The four suits were brought by the last two named and by the duly appointed representatives of the estates of each of the others. '

■ The appeals raise only questions relating to trial error and the most important of them may be stated as follows. During the cross-examination of plaintiff Plough the defendant was permitted, over objection, to show that Plough had been awarded compensation under the New York Workmen's Compensation Law, Consol. Laws, 67, and that the amount awarded to him had been paid by his employer. The evidence was admitted to show possible bias on the part of the witness and, when it was followed by an attempt to show by Plough that Van Slyke had been awarded compensation that his employer had paid, the concession was made that this was true as to the others also.

It is well established that such evidence would not have been admissible had the suits been tried in the courts of New York. Regan v. Frontier Elevator & Mill Co., 211 App.Div. 164, 208 N.Y.S. 239; Zimber v. Kress, 225 App.Div. 16, 232 N.Y.S. 46; Coutts v. Christopher, 233 App.Div. 136, 251 N.Y.S. 291; Posnick v. Crystal, 181 App.Div. 660, 168 N.Y.S. 868; See Rodzborski v. American Sugar Refining Co., 210 N.Y. 262, 104 N.E. 616. Thus reversal is required provided the admissibility of such evidence in a federal court is governed by state law.

The appellants argue that state law does govern in this respect under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. That, of course, depends upon whether rules as to the admissibility of evidence concern matters of "substance" or only of "procedure." We have no occasion to discuss that question on this appeal, however, since we conclude that the state and federal rules as to the admissibility of this particular kind of evidence both require its exclusion. For the same reason we need not rely on Rule 43 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723 c.

■ Federal courts have adopted a liberal attitude toward the admission of evidence, otherwise irrelevant and prejudicial, to show bias on the part of a witness. See Mideastern Contract Corporation v. O'Toole, 2 Cir., 55 F.2d 909; Wabash Screen Door Co. v. Black, 6 Cir., 126 F. 721; Eppinger & Russell Co. v. Sheely, 5 Cir., 24 F.2d 153. The matter rests largely within the sound discretion of the trial judge. Thus in Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 128 A.L.R. 1101, an action in which the employee of the Virginia State Highway Department sought to recover damages from a third party defendant for injuries received in an automobile accident, it was held that the fact that the plaintiff had been paid compensation by his employer could be shown to prove possible bias on the part of other employees for the Highway Department who testified as witnesses for the plaintiff. The basis of admission was that, inasmuch as the employer was interested in the outcome of the case because of its right to be reimbursed, for payments made, out of any judgment recovered, the likelihood that an employee might color his testimony in favor of his employer was a proper matter for the consideration of the jury in determining credibility. In Majestic v. Louisville & N. R. Co., 6 Cir., 147 F.2d 621, the same rule was applied.

We think, however, that admission in this case was an unwarranted extension of the undoubted right to show bias on the part of a witness by proof of a fact otherwise entirely foreign to the issues and harmful.[1] Plough and Van Slyke were witnesses, but each was also a plaintiff. The jury was fully aware that each had a direct interest in the outcome of his case and that his testimony was to be evalued in the light of that interest. And, unless the jury could find that these witnesses had more of an incentive to color their testimony to the advantage of their employer than they had to testify to their own advantage, there would be nothing to make the evidence admissible. Indeed, for the jury fairly so to have found, proof of much more than the mere fact of the payment of compensation by the employer would have been required; the respective interests of each witness and of the employer, for example, would have had to have been shown to establish a basis for determining comparative bias. Without intimating that a collateral investigation of this nature would have been a proper undertaking, we hold that it was an abuse of discretion to permit the introduction of evidence so prejudicial to the plaintiffs where the witnesses whose credibility was in question were parties to the litigation. The plaintiffs are, therefore, entitled to a new trial.

As another issue argued on this appeal may arise during the second trial, it may be well to express our views as to that. The plaintiffs were not permitted to prove that other accidents had occurred previously at this crossing. Such evidence is admissible when prior accidents have occurred under substantially similar conditions at a time not too remote, if the dangerous character of the crossing or the defendant's knowledge of that character are in issue. District of Columbia v. Armes, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618; Sears, Roebuck & Co. v. Copeland, 4 Cir., 110 F.2d 947. But

where, as here, the defendant's negligence, if any, consists only in running its train over the crossing without giving timely and adequate warning of its approach, Elias v. Lehigh Valley R. Co., 226 N.Y. 154, 123 N. E. 73, evidence of previous accidents serves but to introduce confusing and irrelevant facts and for this reason should not be admitted. Baltimore & O. R. Co. v. Moore, 3 Cir., 13 F.2d 364, certiorari denied 273 U. S. 727, 47 S.Ct. 238, 71 L.Ed. 861; Small v. Pennsylvania R. Co., 65 App. D.C. 112, 80 F.2d 704, certiorari denied 297 U.S. 724, 56 S.Ct. 669, 80 L.Ed. 1008. Nor is such evidence admissible under the laws of New York. Cohn v. New York Central & H.R. Co., 6 App.Div. 196, 39 N.Y.S. 986.

The two other points argued as additional grounds for reversal relate to the manner in which a written statement made before trial by one witness was used to refresh her recollection and to a statement of the judge in his charge as to what Lynch obviously could have seen from a window in the truck's cab if he had looked. No further comment is required than that we find nothing improper in either instance.

Judgment reversed and cause remanded for a new trial.

SWAN, Circuit Judge, dissents with opinion.

SWAN, Circuit Judge, (dissenting).

I agree that it was error to admit the evidence relating to compensation insurance but I am not convinced that it was harmful error. During the interrogation of Plough the judge repeatedly stated that the evidence bore only on the question of credibility, and the final instruction in his charge reads as follows:
" * * * there is certain evidence in this case with reference to compensation. Now, as I said before, that evidence was received solely on the question of the credibility of the witness himself, and it is only to be considered in that respect.

---

[1] Cf. Watson v. Adams, 187 Ala. 490, 65 So. 528, Ann.Cas.1916E, 565; Gracz v. Anderson, 104 Minn. 476, 116 N.W. 1116; Fielding v. Publix Cars, 130 Neb. 576, 265 N.W. 726, 105 A.L.R. 1306; Iverson v. McDonnell, 36 Wash. 73, 78 P. 202. But cf. Day v. Donohue, 62 N. J.L. 380, 41 A. 934, qualified in Sutton v. Bell, 79 N.J.L. 507, 77 A. 42; Beardsley v. Ewing, 40 N.D. 373, 168 N.W. 791.

"If you arrive at a verdict in favor of the plaintiffs, no reduction should be made by reason of what you might assume was paid through any compensation act. That evidence was received only as bearing on the credibility of the witness testifying."

Plough testified that he did not hear any crossing signal but the evidence that the whistle was blown was overwhelming. After retiring for its deliberations the jury returned to the court to ask that the testimony of the witnesses who testified as to the whistle be read to them. The jury's acceptance of this evidence is the obvious and reasonable explanation of its verdict for the defendant. Under these circumstances I think that the evidence as to compensation insurance was not prejudicial, and that the judgments should be affirmed. 28 U.S.C.A. § 391.