**Angelia M. ROSSI and Pasquale Rossi, Plaintiffs,**

**v.**

**The PENNSYLVANIA RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.
April 4, 1956.

after the accident in suit. This, as well as the other matters touched upon by the questions objected to, is relevant to the subject matter of the action. The scope of a discovery examination is much broader than an examination at the trial. Rule 26(b) provides, in part, as follows:

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

See 4 Moore, 1062 et seq.; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469.

Submit order in accordance with this memorandum.

---

Harry R. Schwartz, Brooklyn, N. Y., for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, for defendant.

PALMIERI, District Judge.

The plaintiff in this action for personal injuries has objected to certain questions propounded upon the taking of a deposition by the defendant pursuant to Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The questions are all relevant and proper and should be answered. The plaintiff urges that Plough v. Baltimore & Ohio R. R. Co., 2 Cir., 164 F.2d 254, certiorari denied, 1948, 333 U.S. 861, 68 S.Ct. 740, 92 L.Ed. 1140, justifies her refusal to answer any question relating to workman's compensation. But this holding relates to prejudice caused upon the trial of the action. It did not pass upon the propriety of permitting the questions in a discovery proceeding.

Nearly all the questions objected to by the plaintiff, including the one regarding the compensation matter, were clearly intended to establish the nature of plaintiff's medical treatments