■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ROMANO, Appellant. — Three orders of the Supreme Court, Kings County, two dated February 10, 1971 and one dated August 10, 1971, affirmed (*People* v. *Clairborne,* 29 N Y 2d 950; cf. *People* v. *Irizarry,* 32 A D 2d 967, affd. 27 N Y 2d 856). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS HARRISON SPEAR, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County, rendered March 26, 1971, convicting him of possession of a dangerous weapon, as a felony, upon his plea of guilty, and sentencing him to a jail term of 11 months and 29 days. Appeal dismissed as moot. Defendant raises only the question as to whether he should have been sentenced under the provisions of sections 207 and 208 of the Mental Hygiene Law. However, since he has already served his sentence, that question is of no present practicality. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ GEORGE A. REILLY, JR., Appellant, v. ACADEMIC DEVELOPMENT CORP., Respondent. — In an action on a promissory note, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated March 7, 1972, as (a) denied his motion for summary judgment upon papers in lieu of a complaint and (b) granted defendant summary judgment dismissing the action. Order modified by (1) striking from the second decretal paragraph thereof the word "granted" and substituting therefor the word "denied" and (2) striking so much of the fourth decretal paragraph thereof as directs entry of judgment against plaintiff As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the following triable issues of fact are presented: (1) whether the loan made by plaintiff was in fact usurious, (2) whether the sale of capital stock of defendant's corporate subsidiary to plaintiff was a cloak for extra interest charged on the loan and (3) whether the loan made to defendant was "knowingly" made at a rate exceeding 25% per annum within the meaning of the applicable statutes (Penal Law, § 190.40; General Obligations Law, § 5–521, subd. 3; *Balk* v. *Frank,* 29 A D 2d 685). Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.

■ MARJORIE A. ROBINSON, as Administratrix of the Estate of GARRETT D. ROBINSON, Deceased, Respondent, v. LONG ISLAND RAILROAD et al., Appellants. — In an action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from (1) an order of the Supreme Court, Suffolk County, entered November 20, 1970, which (a) denied their motion to set aside, as excessive, a jury verdict of $100,000 against them on the conscious pain and suffering cause and (b) granted their similar motion with respect to a jury verdict of $250,000 against them on the wrongful death cause, unless plaintiff would stipulate to reduce the latter verdict to $120,000, and (2) a judgment of said court, entered December 9, 1970, in favor of plaintiff against defendants upon said verdicts and plaintiff's stipulation reducing the $250,000 verdict to $120,000. Appeal from order dismissed as academic in view of the determination herein on the appeal from the judgment, without costs. Judgment reversed, on the facts, and new trial granted on all the issues, with costs to abide the event. In our opinion the jury's verdict was contrary to the weight of the evidence. Munder, Acting P. J., Latham, Brennan and Benjamin, JJ., concur; Gulotta, J., dissents and votes to affirm the order and the judgment.