■ MARJORIE A. ROBINSON, as Administratrix of the Estate of GARRETT D. ROBINSON, Deceased, Respondent, v LONG ISLAND RAILROAD et al., Appellants.—In a negligence action to recover damages for wrongful death and conscious pain and suffering, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered May 16, 1974, in favor of plaintiff, upon a jury verdict. Judgment affirmed, with costs. Plaintiff's decedent died as a result of injuries sustained when the automobile he was driving was struck at a grade crossing by a train owned by defendant Long Island Railroad and operated by defendant King. The main issue at the trial was whether King blew the train's whistle at the whistle post before the crossing. The conflicting testimony on this point presented a question of fact which the jury resolved in favor of plaintiff and the jury's finding is supported by the record. During the trial, three employees of the railroad, King, the engineer, Hanley, the train's fireman, and Campagnola, a welder, testified that the whistle is customarily blown from the whistle post until the crossing. In rebuttal, plaintiff called a witness who testified that a month before the accident he passed over this crossing. He did not see a train or hear a whistle prior to crossing, but, after he had passed, a train went by and its whistle was blowing. The receipt of this testimony was error, but did not prejudice defendant's case. The trial court cautioned the jury that the testimony was offered solely on the issue of credibility. The impact of this testimony, if any, was slight, since the witness did not state where the train was when he crossed the tracks, and the whistle was blowing when the train passed behind him. Gulotta, P. J., Hopkins and Martuscello, JJ., concur; Rabin and Shapiro, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: Defendants' liability in this railroad crossing case is predicated solely on the alleged failure of the defendant train engineer to sound his whistle as the train approached the crossing where the accident took place. Over objection, a witness called by plaintiff in rebuttal was permitted to testify that in the month of July before the accident he passed over the same railroad crossing and did not hear an approaching train sound its whistle. That such evidence was erroneously admitted is self-evident *(Harrison v New York Cent. & Hudson Riv. R. R. Co.,* 195 NY 86; *Dye v Delaware, Lackawanna & Western R. R. Co.,* 130 NY 671; *Giordano v MacMurray Motors,* 18 AD2d 916; *Wynne v Litchfield Constr. Co.,* 184 App Div 685; *Kiley v Rich,* 174 App Div 852), for proof of *prior general carelessness* is not evidence of *present specific negligence (Coutts v Christopher,* 233 App Div 136; *Cohn v New York Cent. & Hudson Riv. R. R. Co.,* 6 App Div 196) and the majority of this court so concedes. It justifies its affirmance, however, on the theory that the receipt of such evidence "did not prejudice defendants' case". We disagree. This was a second trial of the issues. At the first trial plaintiff recovered a verdict which this court reversed as being contrary to the weight of the evidence *(Robinson v Long Is. R. R.,* 40 AD2d 986). The only substantial difference between the two records is the admission on the second trial of this inadmissible prior no-whistle evidence. If the first verdict was contrary to the weight of the evidence, the present, with the improper proof excised, suffers from the same infirmity. The contention of the majority that this testimony was offered solely on the issue of credibility falls of its own weight when it is recalled that this testimony was not directed toward impeaching the credibility of any witnesses who had testified for the defense, their only testimony having been that at the time and place of the accident the whistle blew and that under the rules of the company such blowing was required. Under the circumstances, receipt of this legally objectionable proof bearing

upon the sole justiciable issue in this case, so far as liability was concerned, constituted prejudicial error as a matter of law. Consequently, the judgment should be reversed and a new trial granted.