FLIEG v. LEVY et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1912.)

1. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES TO PERSONS IN STREETS—NEGLIGENT HANDLING OF ANIMALS—EVIDENCE.

　In an action for injuries from the kick of a horse, evidence *held* to sustain a finding that defendant was owner of the animal and that his servant in charge of the horse was negligent in its management, in view of possible danger to persons in the street and on sidewalks.

　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. EVIDENCE (§ 222*)—ADMISSIBILITY FOR PARTICULAR PURPOSE—ADMISSIONS.

　A statement of a defendant, in an action for injuries to a child from being kicked by a horse, made to the mother of the child, that his horse was insured and that medical services would be paid for, is admissible to show ownership, though it presents the further evidence of insurance.

　[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 768–800; Dec. Dig. § 222.*]

　Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Morris Flieg against Barney Levy and others. From a judgment for plaintiff, and an order denying a motion for a new trial, the defendant named appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

James B. Henney, for appellant.
Herman M. Schaap, for respondent.

RICH, J. The defendant Barney Levy appeals from a judgment in plaintiff's favor, in an action to recover for personal injuries received in consequence of the kick of a horse which he is alleged to

own. The defendants gave no testimony. The plaintiff was nine years old at the time of the accident. With several children of about his own age he was playing upon a sidewalk. The horse was led up the street by one of the appellant's employés, who at intervals struck the horse with a chain, causing him to rear and jump. On reaching a point opposite the place where the children were playing, the horse either broke loose or pulled appellant's employé upon the sidewalk, where he struck or kicked 'the plaintiff, inflicting the injuries complained of.

[1] The appellant contends that there is no evidence sustaining a finding of negligence in the management of the horse, and that the submission of that question to the jury was error. The testimony of several witnesses is that the direct cause of the horse going upon the walk was its effort to get away from the brutality of the person leading it. This' evidence was sufficient to present to the jury the question as to whether the defendant's agent acted properly, and as a reasonable and prudent man should, in the management of the horse, having in view possible danger to persons upon the sidewalks of the street, and I regard the evidence sufficient to support the conclusion they reached.

The appellant also complains that the evidence does not warrant the finding that he was the owner of the horse. Plaintiff's mother testified that, in a conversation on the evening of the day of the accident, the appellant referred to the horse as his, and told her she should get a physician to treat the child, and she would be paid. The appellant was present in court during the trial, but was not called to deny having made this admission, or that the horse was in fact his, or that the person in charge of it was his servant.

[2] The only other question requiring consideration is the contention that the plaintiff was improperly permitted to get before the jury proof that the appellant was insured as to any injury done 'by his horse, and that his counsel was wrongly allowed to comment upon this fact when addressing the jury. It was incumbent upon the plaintiff to establish the appellant's ownership of the horse. To do this, his mother was called, who, after testifying that the appellant came to her house the evening of the day on which the accident happened and had a conversation with her, was asked:

"What did he say, and what did you say, at that conversation?"

This was objected to as incompetent, immaterial, and irrelevant. The objection was overruled, and the witness answered:

"He said to me his horse is insured, and I should take a physician, and the child will be cured, and I shall be paid for it. * * * Did Mr. Levy say anything about the horse? A. That is what he said, 'My horse is insured.'"

The defendant moved to strike out the answers. The motion was denied, and exceptions taken. The question called for proper and competent testimony, to wit, appellant's admission that the horse was his, and was material. It was a statement made by the appellant to the mother of the injured boy, and the fact that in the admission of ownership the appellant also said the horse was insured does not de-

prive the plaintiff of the right to the conversation. The record does not satisfactorily show any comment by counsel in summing up the case on the fact of insurance. The record shows:

"Counsel sum up.

"Mr. Henney: I object to the statement that Mr. Levy came over to talk to Mrs. Fleig, the plaintiff's guardian in this case, and said he was insured, and owned the horse, and brought over a policy of insurance. I move on that statement for the withdrawal of a juror, and to have the case declared a mistrial.

"The Court: I didn't hear the statement, and I deny the motion for the withdrawal of a juror."

It is hardly to be supposed that the learned trial court gave so little attention to the trial as not to hear a statement of counsel of the character charged, if it was in fact made. .

The judgment and order must be affirmed, with costs.

THOMAS and WOODWARD, JJ., concur. JENKS, P. J., and BURR, J., dissent.