John Rodzborski, Respondent, *v.* American Sugar Refining Company of New York, Appellant.

Master and servant — negligence — action under Employers' Liability Act — when notice required by statute is insufficient — evidence — attempt to show that defendant was insured in accident company.

1. The notice required by section 201 of the Labor Law (Cons. Laws, ch. 31) must be "signed by the person injured or by some one in his behalf."

2. A notice, which stated as the cause of the injury that it occurred while plaintiff "was cleaning a belt in the boiler room" of a designated building, is insufficient; for it states neither the physical nor negligent cause of the injury.

3. Where the circumstances indicate that one object of a question was to suggest to the jury that the defendant was insured in an accident company in order to induce them to give a larger verdict, a judgment will be reversed unless it clearly appears that it could not have influenced the verdict. On examination of the evidence, *held*, that it cannot be said the admission of evidence relative to defendant's having insurance against liability was harmless. (*Flieg* v. *Levy*, 208 N. Y. 564, distinguished; *Simpson* v. *Foundation Co.*, 201 N. Y. 479, followed.)

*Rodzborski* v. *American Sugar Refining Co.*, 151 App. Div. 395, reversed.

(Argued January 27, 1914; decided February 24, 1914.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 11, 1912, affirming by a divided court a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Bertrand L. Pettigrew* for appellant. The trial court erred in permitting the plaintiff to prove by a witness over defendant's objection and exception that the defendant was insured in a casualty company against this accident and in denying defendant's motion to withdraw a juror because thereof. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Akin* v. *Lee*, 206 N. Y. 20; *Tinchwell* v. *Ketchman*, 78 Misc. Rep. 419; *Cobb* v. *U. E., etc., Co.*, 191 N. Y. 475.) The notice under the Employers' Liability Act claimed to have been served by the plaintiff and proved at the trial by secondary evidence was insufficient and failed to comply with the provisions of the act: (a) In that the notice was not "signed by the person injured or by some person in his behalf." (b) In that it did not sufficiently describe the cause of the injury. (c) In that it did not sufficiently describe the place of the injury. (*Eaton* v. *Supervisors*, 42 Wis. 317; *Knox's Estate*, 131 Penn. St. 220; *Brems* v. *Sherman*, 158 Ind. 300; *Dolan* v. *Alley*, 153 Mass. 380; *Connor* v. *Acme E. & C. Co.*, 148 App. Div. 518; *Simpson* v. *Foundation Co.*, 201 N. Y. 485; *Finnegan* v. *N. Y. Contracting Co.*, 194 N. Y. 244; *Bori* v. *Hess*, 123 App. Div. 389.)

*Frederick W. Sparks* and *Leonard J. Reynolds* for respondent. The references in the testimony to the defendant being insured against accident are no ground for the reversal of the judgment. (*Cosselmon* v. *Dunfee*, 172 N. Y. 507; *Loughlin* v. *Brassil*, 187 N. Y. 128; *Hordern* v. *Salvation Army*, 124 App. Div. 674; *Haight* v. *E. & M. H. Elevator Co.*, 123 App. Div. 376; *Flieg* v. *Levy*, 148 App. Div. 781.) The notice under the Employers' Liability Act proved by the plaintiff to have been served was in all respects sufficient. (*Clason* v. *Bailey*, 14 Johns. 486; *James* v. *Patten*, 6 N. Y. 9; *Merritt* v.

*Clason,* 12 Johns. 102; *Demelt* v. *Leonard,* 19 How. Pr. 182; *Dolan* v. *Alley,* 153 Mass. 380; *Lynch* v. *Allyn,* 160 Mass. 248, 255; *Whitman* v. *Groveland,* 131 Mass. 553; *Donahoe* v. *Old Colony Road,* 153 Mass. 356; *Bertolami* v. *U. E. & C. Co.,* 198 N. Y. 71; *Finnigan* v. *N. Y. Contracting Co.,* 194 N. Y. 244.)

WERNER, J. The plaintiff, a man of foreign birth and unable to speak English, was injured while in the employ of the defendant. The action is brought to recover damages for the injuries thus sustained. The accident which caused the injuries complained of occurred in the early morning hours of February 5, 1907. According to the plaintiff's account of the occurrence, he was directed by a person who was acting as his superintendent to remove the snow from a large belt, which was used as a conveyor of coal and located in a shed on the roof of one of the defendant's buildings. He testified that while so engaged, the conveyor was started, and his right arm was caught between the belt and the pulley around which it revolved at the place where the coal falls into the mouth of a chute. No defect in the machinery or appliances was proven, and the sole negligence on the part of the defendant relied upon to sustain a recovery was the starting of the belt while the plaintiff was at work upon it. The defendant's testimony is to the effect that the machinery was in motion prior to the time when the accident occurred, and that the plaintiff was injured through his own carelessness. Although the plaintiff's evidence is meagre and differs radically from that adduced by the defendant, we cannot say that it was not sufficient to justify the jury in finding that there was negligence on the part of the plaintiff's superior in failing to properly guard him against injury, and that the plaintiff was free from contributory negligence. If these were the only questions involved on this appeal, we should, of course, be required to affirm the judgment,

notwithstanding the decision of the Appellate Division was by a divided court.

The action is sought to be sustained, however, under the Employers' Liability Act. The defendant denied that the notice required to be given under that act (Labor Law, Cons. Laws, ch. 31, sec. 201) was served upon it. The plaintiff, not having a copy of the notice which he claimed to have served, attempted to give oral proof of its contents. He testified, in substance, that not being able to write, he went to one Laboda who wrote what was called a notice, and that he took this paper so written by Laboda and delivered it at one of the offices of the defendant. Laboda, testifying for the plaintiff, stated that the paper was in the following form: " To the American Sugar Refining Company, Brooklyn. Gentlemen: Kindly investigate the case of John Rodzborski that has been injured on the 5th day of February, 1907, while cleaning a belt in the boiler room, · between South Third and South Fourth Streets; John Rodzborski has been made a cripple and not able to do any work, and wont be for some time to come."

The defendant claims that this notice was insufficient in that it does not state the cause of the accident, nor the place thereof, and is not signed. Section 201 of the Labor Law, so far as here material, provides: "No action for recovery of compensation for injury or death under this article [employers' liability article] shall be maintained unless notice of the time, place and cause of the injury is given to the employer. * * * The notice required by this section shall be in writing and signed by the person injured or by some one in his behalf, * * * but no notice under the provisions of this section shall be deemed to be invalid or insufficient solely by reason of any inaccuracy in stating the time, place or cause of the injury if it be shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby."

It will be seen that the form of the paper which is here

claimed to be a notice in compliance with the above-quoted section, resembles a letter asking for charitable aid more than it does a notice; but, if we make due allowance for the ignorance of the plaintiff and assume that the service of this paper was intended to be a compliance with the statute, it is impossible to say that it states any " cause " of the injury. It refers to an injury sustained " while cleaning a belt." That is all there is in this so-called notice which can be said to be a statement of the cause of the injury. No one can read this statute without concluding that it contemplates something more than a mere statement of what an injured person was engaged in doing at the time he was hurt. This alleged writing contains nothing to indicate either the physical or negligent cause of the injury. For aught that it sets forth the plaintiff might have been injured by something entirely disconnected with the belt. It is true that an investigation might have disclosed the cause of the injury, but equally probable that it might not have given the slightest intimation of the real cause. No defect in the belt or machinery is claimed, and the defendant might have searched in vain for the cause of the injury. This lack of detail in the notice is not a mere inaccuracy in stating the cause, but an utter absence of the statement of any cause whatever. As was said in *Simpson* v. *Foundation Co.* (201 N. Y. 479, 486): " The statute says that ' the cause of the injury' must also be stated, and this means that the accident should be so described that a person of ordinary intelligence who knew nothing about it could understand how it happened." In that case, as well as in the cases of *Finnigan* v. *N. Y. Contracting Co.* (194 N. Y. 244) and *Logerto* v. *Central Bldg. Co.* (198 id. 390) the notices were more explicit in this respect than the notice in this case, and they were held insufficient.

Counsel for the defendant also contends that the notice claimed to have been served herein was insufficient because it was not signed. Upon that particular point

the record is far from satisfactory. While there is no testimony tending to show that the notice was in fact signed, the point does not seem to have been fairly raised at the trial. The objection should properly have been urged at the time when counsel for the plaintiff was making secondary proof of the alleged notice. As matter of fact there was no objection on that score until defendant's counsel made his motion for a nonsuit. Since this judgment must be reversed upon other grounds, it would be unnecessary even to refer to the alleged lack of the signature to the notice, were it not for the misconstruction which might be placed on our silence. We simply say that the language of the statute seems to be plain and unequivocal. It must be "signed by the person injured or by some one in his behalf." That direction is at once so plain and so thoroughly within the understanding of the average layman that it would be doing violence to the intent of the legislature to say that a notice with no signature has been "signed by the person injured or by some one in his behalf." In the case of *Logerto* v. *Central Bldg. Co.* (*supra*) it was clearly stated that the statutory provision for this notice was intended to apply to the unlettered workingman as well as to the more intelligent who can read and write. That is indicated in the language of the statute, which provides that it may be signed by "some one in his behalf." Such a notice may, therefore, be signed by a plaintiff himself, or by his mark when he is illiterate, or by some one on his behalf, but it must be signed.

We are also of the opinion that the judgment should be reversed for the reason that the counsel for the respondent adduced evidence which tended to show that the defendant was insured against accident by a liability insurance company. Plaintiff's witness Laboda was on the stand, and he had testified that he had accompanied the plaintiff when he called to see the defendant's officers in relation to the accident. Laboda testified to a conver-

sation with a cashier of the defendant on that occasion. Plaintiff's counsel, under objection and exception by defendant, asked him: "What direction did he give you?" The witness answered: "When I came there with Mr. Rodzborski I asked him was this man here with a letter, and he said he was here, and I said: 'What do you intend to do about it?' and he said, 'Nothing, we hold insurance and you have to see the insurance;' and I said, 'Who is the insurance?' and he said, 'Employers Liability.' I said, 'Where are they located?' and he said, '56 Maiden Lane,' and then I said, 'I think I can locate it,' and I bid him good morning and left." After this evidence had been received there was a colloquy between counsel and court, in which plaintiff's counsel disclaimed any intention to bring in the insurance company, while defendant's counsel insisted that this testimony could have no other effect. The learned trial judge said that "The trouble is that it is in and we cannot remedy it." Defendant's counsel asked leave to withdraw a juror, which was denied under exception. The record discloses that the witness Laboda, besides being a very necessary and important witness for the plaintiff, had been quite active in aiding him. It must be assumed that plaintiff's counsel knew the answer his question would elicit. The circumstances repel any other assumption. Upon this branch of the case it is sufficient to say that it falls squarely within the rule adopted by this court in *Simpson v. Foundation Co. (supra).* There Judge VANN, writing for the court, said: "The circumstances indicate, however, that one object of the questions was to suggest to the jury that the defendant was insured in an accident company in order to induce them to give a larger verdict." He further said: "Evidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal even when the court strikes it from

the record and directs the jury to .disregard it, unless it clearly appears that it could not have influenced the verdict." (See cases there cited.)

The error here is sought to be defended on the ground that it could not have influenced the verdict. The main reliance in this respect is that in the cross-examination of this same witness, prior to the evidence complained of, the defendant's counsel drew answers from him to the effect that upon some other occasion and in connection with another accident the witness had dealt with an insurance company. Whether these answers led the jury here to assume that the defendant was insured is of course purely conjectural. If the jury had any suspicions of that fact, we cannot tell how they were affected by the testimony. Although the defendant is a large corporation, we cannot say that the evidence may not have suggested the result. In some cases it is true the courts have sustained judgments where such evidence has been elicited. A perusal of them will show that there was reason to believe that the evidence could not have influenced the verdict. In this case the plaintiff's case against the defendant depended upon his own interested version, which barely measured up to the requisite degree of proof, and was contradicted in every material particular by defendant's witnesses. When we consider these circumstances in connection with the bald references to the insurance company made by the witness, we cannot say that the error was harmless. The case of *Flieg* v. *Levy* (148 App. Div. 781; affirmed, 208 N. Y. 564), where similar evidence had been adduced, does not conflict with the views here expressed, as there the evidence was material because it bore upon the ownership of the horse that caused the injury to the plaintiff.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.