O'BRIEN v. HENCKEN & WILLENBROOK CO.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

TRIAL ☞127—PERSONAL INJURY ACTION—EXISTENCE OF INSURANCE.

    In an action for personal injury, a question to a medical witness for the defendant, called on the question of the nature and extent of plaintiff's injuries, as to whether he was the "physician for the insuring company in this case," to which he answered that he was for the defendant's attorney, the court's refusal to withdraw a juror was reversible error, notwithstanding the amendment to Code Civ. Proc. § 1180 (Laws 1911, c. 206), effective September 1, 1911, providing that the fact that a juror in an action for personal injuries is interested in any insurance company issuing policies for protection against liability for injuries shall be a good ground for challenge, as that does not give the right to otherwise suggest or to state directly that defendant in a particular case is insured against loss by reason of accidents caused by him.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. ☞ 127.]

Appeal from Trial Term, New York County.

Action by James O'Brien against the Hencken & Willenbrook Company for damages caused by defendant's negligence. From a judgment entered on the verdict of a jury, and from an order denying a motion for new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Anthony M. Menkel, of New York City (George W. Hinckley and Wm. Cocks, Jr., both of New York City, on the brief), for appellant.
Rodolphe Claughton, of New York City, for respondent.

DOWLING, J. Plaintiff, while in the employment of defendant as the driver of a coal wagon, was injured by being struck by the crank handle used in raising and lowering the body of the wagon. At the time he was engaged in delivering a load of coal, and, having raised the front part of the wagon body by means of the crank handle, had lowered it slightly, whereupon a "dog" attached to the wheel which plaintiff had been turning, and which had apparently engaged

in the "cogs" of the adjacent wheel (thus insuring the immobility of the body of the wagon), suddenly jumped out of the cogs, thereby causing the crank handle to slip from plaintiff's hand and to reverse and rotate, striking him on the head and causing the injuries for which he has recovered damages.

It is plaintiff's contention that the mechanism of the wagon was defective, in that the "dog" had been worn and shortened by use and become unsafe, as it slipped and failed to keep its place in the cogs, thus leaving the loaded wagon liable to suddenly fall unless the driver continually kept his hold upon the crank handle; that he notified the defendant's yard foreman of its condition on the day preceding the accident and was told to take it to the blacksmith employed by defendant who had a shop in its yard; that plaintiff did so, informed the blacksmith of its condition, left the wagon with him, and was told to return for it after dinner, at which time he saw the "dog" had been fixed, by repairing and lengthening it; that he asked why a new one had not been put in, but was told by the blacksmith "it was all right, it had been fixed"; that it looked safe to him, so he took the wagon out and made two deliveries that afternoon, but the accident happened on the first trip the next morning.

The only question in the case which requires consideration necessitates the reversal of the judgment herein.   Dr. Stafford B. Smith had been called as a witness for the defense on the question of the nature and extent of plaintiff's injuries.   After he had been cross-examined for some time, he was asked, "Q. You are the physician for the insuring company in this case?" and answered, "I am for Mr. Menkel" (defendant's attorney).   The latter then moved to withdraw a juror, which was denied by the court, whereupon he duly excepted. This motion should have been granted, and its refusal constituted error calling for a reversal   The courts have repeatedly censured the putting of questions which suggest to the minds of the jurors that defendant was insured in a casualty company, and have reversed judgments and granted new trials on that ground alone.   Rodzborski v. American Sugar Refining Co., 210 N. Y. 262, 104 N. E. 616; Simpson v. Foundation Co , 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B 321; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854; Frahm v. Siegel Cooper Co , 131 App  Div  747, 116 N  Y. Supp. 90; Hordern v. Salvation Army, 124 App. Div. 674, 109 N. Y. Supp. 131; Branoner v. Traitel Marble Co , 144 App. Div. 569, 129 N. Y. Supp. 761; Donnelly v  Younglove Lumber Co   140 App. Div. 846, 125 N. Y. Supp. 689; Haigh v. Edelmeyer & M. H. Elevator Co., 123 App. Div. 376, 107 N  Y. Supp  936; Kolacki v  American Sugar Refining Co., 164 App. Div. 417, 150 N. Y. Supp. 93; Id., 166 App. Div. 892, 150 N. Y. Supp. 1092.

It is quite true that some of these cases were decided before the amendment to section 1180, Code of Civil Procedure, was enacted, which took effect September 1, 1911, and provided that:

"The fact that a juror, * * * in actions for damages for injuries to person or property, * * * is a shareholder, stockholder, director, officer or employé, or in any manner interested, in any insurance company issuing policies for protection against liability for damages for injury to person or prop-

erty, shall constitute a good ground for a challenge to the favor as to such juror."

But this is a general proposition, the only effect of which is to ascertain if talesmen are interested in any casualty company, and to make their interest a ground for challenge, presumably because such interest might bias them against any recovery in an accident case, whether defendant was insured or not. It does not give the right to otherwise suggest or to state directly that the defendant in a particular case is insured against loss by reason of accidents caused by him. The first case cited, Rodzborski v. American Sugar Refining Co., 210 N. Y. 262, 104 N. E. 616, was decided after the amendment in question took effect. In it the rule laid down in Simpson v. Foundation Company, 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321, was cited with approval:

"There Judge Vann, writing for the court, said: 'The circumstances indicate, however, that one object of the questions was to suggest to the jury that the defendant was insured in an accident company in order to induce them to give a larger verdict.' He further said: 'Evidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal, even when the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict.'"

In the Rodzborski Case, as in this, the plaintiff's case depended upon his own version as to the happening of the accident. The corroboration in this case is only as to what happened on the preceding day. In both cases there was a direct contradiction of material evidence by defendant's witnesses. Here the plaintiff's counsel by his question conveyed to the jury the direct information that defendant was insured. In the case cited the question of plaintiff's counsel conveyed no hint of any insurance company indemnifying defendant, and the statement that an employers' liability company was insuring the defendant came from the witness in the course of a lengthy answer in response to a question as to what directions he was given by defendant. Still the Court of Appeals felt called upon to reverse the judgment upon that ground (as well as another), as it did not clearly appear that the error was harmless. The same rule is applicable to the case at bar and requires a like disposition of the appeal.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.