STANKUS v. JAMISON.

(Circuit Court of Appeals, Second Circuit. November 14, 1915.)

No. 28.

SHIPPING ☞84(1)—INJURIES TO STEVEDORE—LIABILITY OF MASTER.

A stevedore, employed to remove a cargo of sugar belonging to defendant from the ship of another, cannot recover from defendant for injuries received by reason of defects in the hatch of the ship; defendant having no control over the ship, and not being responsible for its faulty construction or dilapidated condition.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 349; Dec. Dig. ☞84(1).]

Ward, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of New York.

Action by George Stankus against William A. Jamison. There was a judgment for defendant, and plaintiff brings error. Affirmed.

On writ of error by the plaintiff below to review a judgment which was entered after a decision dismissing the complaint at the close of the evidence. The action was brought to recover damages for injuries received by reason of the alleged negligence of the defendant, who is a member of the firm of Arbuckle Bros., which firm employed the plaintiff. The accident occurred by reason of the falling of a hatch cover on the steamship Paloma of the Munson Line while at the Arbuckle dock. The plaintiff asserts that the falling of the hatch was caused by the alleged negligence of the defendant.

Baltrus Yankaus, of New York City, for plaintiff in error.

E. A. Jones, of New York City, for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The plaintiff sues a member of the firm of Arbuckle Bros. for injuries sustained by reason of their alleged negligence while he was engaged, as the Arbuckles' servant, in unloading a cargo of their sugar from the Munson Line steamship Paloma. It is alleged that while removing the hatch covers one of them gave way and the plaintiff was thrown into the hold and received the injuries complained of. It is not pretended that the defendant had any interest in the ship or authority over it or in the construction of the hatch or the removal of the cover. The plaintiff was there as the servant of Arbuckle Bros. to unload their sugar. The defendant had no authority over the ship and is not responsible for its alleged faulty construction or dilapidated condition. He had nothing to do with the ship, its construction or its management. If a traveler gives his baggage check to his coachman with instructions to secure the trunk and deliver it at the owner's home and the coachman is injured by reason of a faulty construction of the baggage car, it seems too plain for argument that the traveler cannot

be held liable. So in the present case Mr. Jamison is no more to blame for the injury than the bookkeeper in his office. If the defendant had been the charterer of the ship or charged with any duty regarding its construction, repairs or management, a different question might be presented. But we are unable to discover any duty which the defendant, as an individual or as a member of the firm of Arbuckle Bros., owed to the plaintiff or to any one else, to inspect the Munson Line's ships, their hatches, strongbacks or hatch cover.

The judgment is affirmed with costs.

WARD, Circuit Judge (dissenting). The notice under the New York Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204) in this case was fatally defective in not charging any negligence against the defendant (Rodzborski v. American Sugar Refining Co., 210 N. Y. 262, 104 N. E. 616), so that the plaintiff was left to his common-law rights. The defendant's firm was acting as stevedores in unloading the vessel and the plaintiff was employed by them in this work. The common law imposed upon them the duty of exercising ordinary and reasonable care to furnish the plaintiff a safe place in which to do the work. The hatch and also the hatch cover which fell, resulting in injuries to the plaintiff, were in their custody and control for the purpose of the work they were doing. There was evidence that the place was unsafe and the employers were under the duty of exercising some care by inspection or otherwise in respect to it. Baltimore & P. R. Co. v. Mackey, 157 U. S. 72, 15 Sup. Ct. 491, 39 L. Ed. 624.

I think it was for the jury to say whether the defendant had exercised ordinary and reasonable care, and that therefore the judgment should be reversed.