GEORGE H. KENT, Respondent, *v.* ALBERT LAJOTTE, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Trial — action for negligence — improper remarks by counsel to jury.

> At the opening of the trial of an action for personal injuries after defendant's counsel had asked for the withdrawal of a juror because plaintiff's counsel on the examination of talesmen had asked " Is there any gentleman who owns stock in an accident insurance company? " plaintiff's counsel said that he did not ask the question to lead the jurors to believe that defendant was insured in an accident insurance company but that he had the right to ask the question on general grounds and that, if defendant's counsel said so, he would concede on the record that defendant was not insured and that there was no insurance company in the case, to which defendant's counsel replied that they carried no insurance and his motion to withdraw a juror was denied. *Held,* that language used by plaintiff's counsel in summing up, which practically amounted to a statement that defendant did carry accident insurance, constituted reversible error.

APPEAL by the defendant from a judgment of the City Court of the city of New York awarding damages to plaintiff for personal injuries.

Harry L. Herzog, for appellant.

Jacob Klein (Julian J. Raphael, of counsel), for respondent.

WHITAKER, J.   The action was for personal injuries caused to plaintiff by being run over by defendant's driver, while plaintiff was crossing the street.   On January 22, 1916, plaintiff was crossing West Seventeenth street in the middle of the block from south to north.   Defendant's driver was driving from east to west along the street at a fair pace.   Plaintiff had nearly reached the north sidewalk within three or four feet and, when he saw the defendant's wagon coming, turned back and was struck.

While there is ample evidence to sustain a finding that the plaintiff was guilty of contributory negligence, inasmuch as there must be a new trial it is unnecessary at this time to discuss that question. While the plaintiff was examining the jury at the opening of the trial the following occurred:   " In the examination of talesmen plaintiff's counsel asked, ' Is there any gentleman who owns any stock of an accident insurance company? ' Mr. Herzog:   In view of the asking of the question by counsel referring to accident insurance, I ask for the withdrawal of a juror and a new panel of jurors.   Mr. Raphael:   I do not ask that question to lead the jurors to believe that the defendant is insured in an accident insurance company.   I have the right to ask it on general grounds.   If Mr. Herzog says so, I will concede on the record that this defendant is not insured and there is no insurance company in this case.   Mr. Herzog:

32

Appellate Term, First Department, May, 1918.    [Vol. 103.

We carried no insurance. [Motion denied. Defendant excepts.] "

In summing up to the jury plaintiff's counsel used the following language: " I do not know whether the defendant carried any insurance against accidents caused by his horse and wagon; but I do know that he is too busy making money in his butcher business uptown on Fourteenth street to take the time to attend court or show any interest in this trial. If he did not carry accident insurance he could have come here and testified that he had none. In view of his refusal to come here, I now withdraw the concession that I made earlier in the trial as to accident insurance. Mr. Herzog: I object to the remarks made by plaintiff's attorney as to accident insurance as improper and prejudicial to the defendant, and in view of the statements made to the jury I ask that a juror be withdrawn and a mistrial declared. [Motion denied. Defendant excepts.] "

This statement of counsel I think amounted practically to a statement that defendant did carry accident insurance, and constituted reversible error. It comes directly within the rule laid down by the Court of Appeals in the case of *Loughlin* v. *Brassil,* 187 N. Y. 128, in which Judge Hiscock writing for the court said: " While plaintiff's counsel was summing up he said: ' There is no evidence that he (the defendant) was insured, most of these people are. There is no evidence that there was anything of this kind here.' The defendant's counsel excepted to this remark and asked that a juror be withdrawn, which application was denied by the court. Whereupon the plaintiff's counsel again said: ' Many people get insured, but there is no evidence of any such thing in this case at all.' The defendant's counsel again excepted to the remark, whereupon the court said: ' There is no evi-

dence and the jury will pay no attention to it.' There can be no question, of course, but that these remarks were entirely improper, and that they were designed to influence the jury by considerations which were not legitimately before them. They were even more objectionable than is ordinarily the case, because where the defendant is a corporation it might make but little difference whether an insurance corporation was bound to indemnify it or not, whc cas in the case of an individual defendant it might make it much easier to find an adverse verdict if the jury understood that an insurance company would be compelled to pay the verdict. It can scarcely be said that the remark was one of thoughtlessness, because it was deliberately repeated in substance after counsel had objected to it. Under such circumstances the trial court would have been amply justified in correcting much more vigorously than it did the imprudence of counsel, and either the trial court or the Appellate Division would have been quite justified in reversing the judgment."

There are many other cases of similar import. The rule laid down by Judge Hiscock has not been changed by the amendment to the Code in 1911 authorizing certain questions to the jurors in reference to their interest in accident insurance and casualty companies. *O'Brien* v. *Hencken & Willenbrock Co.,* 172 App. Div. 142; *Kolacki* v. *American Sugar Refining Co.,* 166 id. 892.

The judgment is reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.