HOWARD D. BAIRD, Respondent, *v.* FRANK S. DOUGLASS, Appellant.

First Department, February 10, 1922.

**Husband and wife — evidence — action for alienation of affections of wife — reversible error to present evidence of improper conduct of defendant toward daughter of plaintiff's wife and to state to jury that any recovery would be given to charity.**

In an action for the alienation of the affections of a wife it was manifestly improper and highly prejudicial to the defendant to present evidence that the defendant did not conduct himself properly toward the young

daughter of plaintiff's wife, plaintiff's stepdaughter, and to offer to show that he attempted to assault her; and it was incurably prejudicial to the defendant for the plaintiff's attorney to state to the jury that the plaintiff did not want any of the defendant's money and that any amount recovered would be given to charity and that the plaintiff had made an affidavit to that effect. Hence, a judgment for the plaintiff must be reversed.

APPEAL by the defendant, Frank S. Douglass, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of April, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Alley, Lee & Voorhees [Caruthers Ewing* of counsel], for the appellant.

*Truesdale & Nicoll [Edwin A. Falk* of counsel; *Joseph R. Truesdale* with him on the brief], for the respondent.

LAUGHLIN, J.:

This is an action for the alienation of the affections of the plaintiff's wife, who, it is alleged, was induced by defendant to leave plaintiff's home on or about the 13th of May, 1919. The action was commenced on the twenty-third of June thereafter, and defendant was taken into custody on an order of arrest and released on giving a bond to secure the payment of any judgment recovered in the action. The answer is a general denial and a defense that the affections of the plaintiff's wife for him were destroyed by his own misconduct before she left him. Defendant was not present at the trial, and his attorneys were unable to locate him. Plaintiff's wife had been married before and had a daughter by her first husband, who at the time of the trial was sixteen years of age. Plaintiff also had been married before; and he brought an action for divorce from his former wife in the State of Washington. It was tried on the 29th of October, 1909, and sometime thereafter a decree was entered in his favor. Plaintiff testified that after that trial he became engaged to a Mrs. Marvin H. Lane, whom he married in Tacoma, Wash., in 1910; and that after the engagement they went to Vancouver with a view to becoming married, but finding that they could not, they lived together as husband and wife before their

marriage was actually celebrated. In the fall of 1917 plaintiff and his second wife met the defendant in San Francisco, and plaintiff entered the employ of a firm by whom the defendant was employed, and in 1918 was transferred to Chicago in the employ of the same firm. Defendant, shortly after meeting plaintiff and his wife, went to the Orient. In March, 1919, plaintiff entered the employ of the defendant at New York city. The defendant had a wife and child living in San Francisco, where they preferred to remain. Defendant and plaintiff took a housekeeping apartment together at New York city. The defendant occupied a room there, and took his meals with the plaintiff and his wife and her daughter. An intimacy sprang up between the defendant and the plaintiff's wife. There is evidence tending to show that defendant enticed plaintiff's wife from him, and that he furnished her money to obtain another apartment, which she and her daughter occupied; and that he frequently visited them there, and at times remained overnight. After the commencement of the action and during the latter part of October or the fore part of November, 1920, plaintiff's wife and her daughter returned, and ever since have resided with him, and from that time on he has provided for them.

The jury in rendering this large verdict were materially, we think, influenced prejudicially to the defendant by two incidents which were improperly brought to their attention. The testimony of the plaintiff tended to show that the defendant, evidently with a view to influencing plaintiff's wife, manifested a deep interest in her daughter, and at times appeared to manifest undue affection for her, to such an extent that plaintiff remonstrated, whereupon defendant disclaimed any impropriety in his conduct or attitude toward her. Plaintiff called his stepdaughter as a witness, and in the course of her examination in his behalf she was asked whether, while she and her mother were living in the apartment which they took after leaving plaintiff, defendant attempted to assault her. Counsel for the defendant objected, and the court sustained the objection. Plaintiff's wife was called in behalf of the defendant, evidently with a view to showing that her husband had been cruel to her and to her daughter, and that she had left him of her own accord — in that, defendant was

not wholly successful — and also to rebut plaintiff's testimony in so far as it tended to show undue attention on the part of defendant toward her daughter before she left her husband; and on that point her testimony was favorable to defendant.   On cross-examination she testified that for a time she did not feel that the defendant " had been anything but proper in his conduct " toward her daughter.   She was then asked whether she had any occasion to change her mind in that regard later on or down to the time of the trial.   This was objected to, but before the court ruled thereon, sustaining the objection, she answered in the affirmative, and the answer was not stricken out.   Notwithstanding that ruling plaintiff's counsel persisted in asking her whether she had any occasion to change her mind with respect thereto before the defendant left, and the court sustained objection interposed thereto. She testified in answer to a question by plaintiff's counsel that for a time she was under the influence of the defendant, and for a time co-operated with his attorneys.   She was then asked when she " broke " with the defendant, and she answered " He was continuing to come over to see us," and that her daughter " wanted to keep out of the road, and finally I cornered her and asked her why she did."   At this point an objection was interposed by defendant and sustained.   She was then asked when she changed her mind about the defendant, and answered about the first of July after she left the plaintiff.   Plaintiff's counsel then asked her whether something occurred in the apartment that caused her to change her mind.   That was objected to as relating to a matter already excluded by the court, and the objection was sustained.   In the course of his argument to the jury the attorney for the plaintiff stated, " I state to you, as I have stated to the counsel for the other side over and over again, that any amount that you may award us as damages, we are perfectly willing to give to any charity that they may designate." Counsel for the defendant thereupon requested the court to instruct the jury to disregard that statement, and the jury were so instructed.   Evidently the attorney for the plaintiff made some further reference to this subject, for at the close of his address to the jury counsel for the defendant moved, " in view of the closing statement of counsel for the plaintiff

as to the assurances given counsel for the defendant that any recovery will be given to charity," for leave to withdraw a juror. The motion was .denied and he excepted. Thereupon plaintiff's attorney said, " It is in the court records that we have introduced here." The court thereupon said, " I have ,already instructed the jury to disregard that remark. It has absolutely nothing to do with the case. The jury will pay no attention to that at all. This case must be decided upon the merits and nothing else." At the close of the charge in chief and before the jury retired, the attorney for the plaintiff, referring to the instructions to disregard his statement with respect to giving the recovery to charity, said he would like to show the court an affidavit in opposition to a motion for a bill of particulars in the case, in which " that statement appears," to which the court replied that the statement might be true; and plaintiff's counsel answered that it was not part of the evidence, but he did not wish the court to think he had overstepped the actual truth. Counsel for the defendant thereupon stated, in effect, that no matter how often the statement was repeated, no legal liability rested on the plaintiff so to do; and thereupon the court stated that the statement had nothing to do with the case, because, if the plaintiff recovered, he would not be bound to turn the money over to charity, and, evidently addressing plaintiff's counsel, said, " I know that they feel you did not interject this without some — ," whereupon plaintiff's counsel interrupted, saying, " authority for doing it." Counsel for the defendant thereupon announced, in effect, that he did not deny that the statement was made, but merely claimed that it could not be properly considered and was not binding. The court thereupon disposed of the matter by stating that it was not to be considered by the jury for any purpose, but must be dismissed from their minds as though it had not been made, and asked counsel for the defendant if that would cover the matter, to which he replied, " Your Honor has cured the error, if it be curable."

It was manifestly improper and highly prejudicial to the defendant to present the evidence tending to show that the defendant did not conduct himself properly toward the plaintiff's wife's young daughter, and to offer to show that he attempted to assault her; and the statements asserted and

reasserted to the effect that the plaintiff did not wish any of the defendant's money and that he had made an affidavit that any recovery had by him herein would be given to charity, were incurably prejudicial to defendant in that it led the jury to believe that the plaintiff would not profit by the recovery, and, therefore, it was not necessary to consider to what extent he had been actually damaged, but only necessary to determine the amount which would properly punish defendant for his misconduct, which, I think, brings the case within the rule uniformly applied by the courts where it is improperly brought to the attention of the jury that the defendant is insured against a recovery in the action, in which cases recoveries are not permitted to stand, unless it can be seen, which is not the case here, that it could not have affected the verdict. (*Akin* v. *Lee*, 206 N. Y. 20; *Strickland* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 367; *Hordern* v. *Salvation Army*, 124 id. 674; *Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Branoner* v. *Traitel Marble Co.*, 144 App. Div. 569; *Rodzborski* v. *American Sugar Refining Co.*, 210 N. Y. 262.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.