HERMAN HOLLAND, as Administrator, etc., of MARGUERITE HOLLAND, Deceased, Respondent, *v.* WILLIAM H. PETERKIN, Appellant.          Fourth Department, May 19, 1926.

Motor vehicles — action for death of plaintiff's intestate who was killed while riding in automobile, owned and operated by defendant — evidence establishes negligence — complaint justified submission of questions of poor lights and overloading — evidence — improper for plaintiff's counsel on direct examination of own witness to ask if witness had not settled with defendant — question was withdrawn and jury instructed to disregard — plaintiff's counsel censured — jury not affected by improper question.

In an action to recover for the death of plaintiff's intestate, who was killed when an automobile, owned and operated by the defendant, in which the plaintiff's intestate was riding, was overturned, the evidence justifies the finding that the defendant was negligent in the handling and management of the automobile.

Inasmuch as the complaint alleges improper management, operation and control of the automobile, and that the equipment was not in proper condition, it was not error for the court to submit to the jury the questions of poor lights and overloading of the automobile as bearing on the question of negligence.

It was highly improper for plaintiff's counsel to ask one of his witnesses if the witness had not settled a claim against the defendant, but, since the defendant did not make a request for leave to withdraw a juror and the question was withdrawn and the jury instructed to disregard, and since the verdict is not large, it is apparent that the improper question did not influence the jury.

However, since the question was asked by experienced counsel, and related to no material issue in the case, and since counsel must have known that it was an improper question, he is censured for adopting a course which was calculated to give a false impression to the jury.

APPEAL by the defendant, William H. Peterkin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 12th day of October, 1925, upon the verdict of a jury for $3,500.

*Gibbons & Pottle [Frank Gibbons* of counsel], for the appellant.

*Cohn, Chormann & Franchot [Clarence R. Runals* of counsel], for the respondent.

CLARK, J. On the evening of April 22, 1925, eight young people in a five-passenger automobile owned and operated by the defendant, were driving along the Niagara Falls boulevard. A single light was approaching from the opposite direction and the occupants of defendant's car thought it was on a motorcycle. When the cars were within fifteen or twenty feet of each other defendant discovered that the approaching vehicle was an automobile with one light. He was going about thirty miles an hour — one witness estimated it at thirty-two miles an hour.

To avoid a collision defendant turned his car to the right and his right wheels went off the macadam onto the shoulder of the load. Then he turned sharply to the left and got onto the macadam again, but his car shot across the street, and to avoid going in the ditch he turned to the right, the car was overturned and plaintiff's intestate, a young woman about seventeen years of age, was killed.

The evidence justified the finding that defendant was negligent in the management and operation of his car.

Defendant urges that the court erred in submitting to the jury the questions of poor lights and overloading of the car as bearing on the question of negligence.

We think the complaint was sufficiently broad to include these questions, for they would be involved in the management, operation and control of the car, and the lights would be part of the equipment, which the complaint charged defendant did not have in proper condition.

It is proper, however, to refer to a question asked by plaintiff's counsel of a witness called by him on his redirect examination which was highly improper. The question asked this witness, Guy C. Giles, was as follows: " I ask you specifically, has any money been paid to you by the defendant Peterkin or anyone on his behalf, in settlement of a claim which you have made against Peterkin? "

This was objected to by counsel for defendant, and after a brief colloquy between the court and counsel, the question was withdrawn, and at the request of defendant's counsel the court instructed the jury to disregard the subject, but there was no request for leave to withdraw a juror.

This instruction was evidently followed by the jury, for the amount of the recovery was modest for a death case, but the asking of this question, was highly improper and was calculated by indirection to convey to the jury the impression that defendant had acknowledged liability by offering to settle a similar claim growing out of the same accident.

This inquiry was not material to any issue involved in the case. The experienced counsel who propounded the question must have known that it was improper, and he is censurable for adopting a course which was calculated to give a false impression to the jury.

We are satisfied, however, that the verdict of the jury was not affected by this incident, and because of that fact and the fact that defendant's counsel did not deem it of sufficient importance to ask leave to withdraw a juror, the judgment may be sustained. (*Rodzborski* v. *American Sugar Refining Co.*, 210 N. Y. 262, 269.)

The judgment should be affirmed, with costs.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment affirmed, with costs.