Ervin A. Dietz, Respondent, *v.* Charles M. Dinkel, Appellant.

Third Department, November 26, 1930.

*Earl S. Jones* [*J. S. Carter* of counsel], for the appellant.

*Wallace H. Sidney,* for the respondent.

HASBROUCK, J.   There are at least two errors in the case.   By his questions of Dr. Gutmann regarding his service to insurance companies plaintiff's counsel furnished the basis of an inference by the jury that the defendant was insured, that the defense was that of an insurance company.   If the fact had come before the jury inadvertently or accidentally unaided by the purpose of plaintiff's counsel the court in its discretion might have overlooked or condoned the circumstances if deemed innocuous.   Here the purpose of plaintiff's counsel seems plain and we should not overlook the fact that the judicial proceeding of the trial has been affected by such conduct.   Here the trial justice did not strike out the objectionable evidence and it cannot be said that such evidence did not influence the verdict.   (*Rodzborski* v. *American Sugar Refining Co.,* 210 N. Y. 268, and cases cited.)

The other error is in the charge of the court in this language: " If the defendant was over on the left hand side, it was his duty to exercise the highest degree of care; that is, as he could see that man.   If he ran into him when he was on his own side of the road, when he was on the left hand side of the road, and he came up behind, why, of course, he is liable."

Accidents happen because of the willfulness of a driver; they happen from defects in mechanism; from the lack of care in the maintenance of the mechanism and lack of care in its operation. The rule of the highest degree of care or the greatest degree of care the ordinary human mind is capable of applies only in this State to the care to be used by a common carrier for the safety of its passengers.   (*Coddington* v. *Brooklyn Crosstown R. R. Co.,* 102 N. Y. 66.)   It does not apply to the operation of an automobile upon a public highway.   The degree of care required in the operation of non-common carrier automobiles is ordinary care.   (*Knight* v. *Lanier,* 69 App. Div. 454; Huddy Automobiles [7th ed.], § 339, and cases cited.

For these reasons the judgment should be reversed and a new trial granted, with costs in this and the trial court to abide the event.

VAN KIRK, P. J., and WHITMYER, J., concur; HINMAN and DAVIS, JJ., dissent and vote for affirmance on the ground that the errors if any were not prejudicial.

Judgment and order reversed on the law and the facts, and new trial granted, with costs to the appellant to abide the event.