PAULINE GOODMAN, Plaintiff, *v.* GASTARE GUIDA, Defendant.

Supreme Court, New York County, March 7, 1934.

*H. A. Shapiro* [*E. Katzka* of counsel], for the plaintiff.

*M. Greenberg* [*E. Z. Berman* of counsel], for the defendant.

LAUER, J. This action was instituted by the plaintiff, Pauline Goodman, against the defendant, Gastare Guida, to recover for personal injuries alleged to have been caused by the negligence of the defendant. The trial was had before the court and jury. The verdict was rendered in favor of the plaintiff. During the trial the defendant called as a witness for the defense one George Tumey. While the attorney for the plaintiff was cross-examining

the defendant's witness, George Tumey, the following questions were propounded and answer elicited: " Q. And up to the time you took the stand did you talk to anybody about the case? Did you discuss it with anybody? A. Yes, shortly after the thing occurred, a week or ten days, some guy come down from the insurance company and I made a verbal statement to him, and I forgot about it until I got a subpœna."

Counsel for the defendant moved for the withdrawal of a juror, which motion was denied. To this denial counsel for the defendant excepted. The jury was instructed by the court during its charge to disregard the testimony of the defendant's witness so far as it referred to an insurance company, inasmuch as no insurance company was a party in the case. At the close of the trial counsel for the defendant moved to set aside the verdict pursuant to section 549 of the Civil Practice Act. This motion was denied. Defendant's counsel then moved to set aside the verdict on the ground that the aforesaid testimony of the witness Tumey was prejudicial to the defendant.

The law is well settled that where the plaintiff's counsel, by his questions, deliberately seeks to convey to the jury the idea that the defendant is insured, such tactics and testimony in answer to such questions are objectionable and constitute valid grounds for reversal. (Simpson v. Foundation Company, 201 N. Y. 479; Cosselmon v. Dunfee, 172 id. 507; Loughlin v. Brassil, 187 id. 128, 135; Hordern v. Salvation Army, 124 App. Div. 674, 676; Haigh v. Edelmeyer & Morgan Hod Elevator Co., 123 id. 376, 380; Manigold v. Black River Traction Co., 81 id. 381, 384; Toombs v. Texas Oil Company, 145 Misc. 762.)

It is, however, equally well settled that if the fact defendant was insured should come before the jury inadvertently or accidentally, unaided by the purpose of plaintiff's counsel, the court in its discretion may overlook or condone the circumstances if deemed innocuous. The trial justice in such circumstances can correct the evil by striking such objectionable testimony from the record and instructing the jury to disregard it. (Simpson v. Foundation Company, supra; Rodzborski v. American Sugar Refining Co., 210 N. Y. 262; Dietz v. Dinkel, 230 App. Div. 699; Amundsen v. Consolidated Forwarding & Building Material Co., 206 id. 601; affd., 236 N. Y. 670.)

In the instant case the witness George Tumey was called by the defendant and on her behalf. It cannot be reasonably said that the attorney for the plaintiff in his cross-examination could, therefore, anticipate the witness' testimony. The answer of the defendant's witness Tumey educing the fact that the defendant was

insured was unexpected, unsolicited and apparently came as a surprise to both counsel. The court thereafter in its charge instructed the jury to disregard this statement. It is the opinion of this court that the testimony did not influence the jury in its verdict. The plaintiff, therefore, should not be punished where her counsel did not designedly elicit the testimony calculated to suggest to the jurors that the defendant was insured and where steps were taken by the court to rectify any possible effect which the aforesaid unexpected answer might have had upon the jury.

The motion to set aside the verdict is, therefore, denied.